ROLAND J. STURGES *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

| SUPERIOR COURT | FAIRFIELD COUNTY AT STAMFORD | FILE No. 9343 |

216

Memorandum filed July 8, 1966

No appearance for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* and *Carl D. Eisenman,* assistant attorneys general, for the named defendant.

*Robert H. Arnold,* of East Hartford, for Norden Division of United Aircraft Corporation.

RADIN, J. This is an appeal by an employer from a decision of the unemployment compensation commissioner, pursuant to § 31-249 of the General Statutes, in awarding the plaintiff unemployment compensation. The appeal is taken by the defendant United Aircraft Corporation, Norden Division, from the decision of the commissioner affirming an award of benefits to the plaintiff without disqualification on his discharge from employment.

The plaintiff was hired by the defendant United Aircraft Corporation, Norden Division, on October 6, 1965. The plaintiff, at the time of his being hired, completed a form, an employment questionnaire consisting of six pages, one of the questions being: "Have you ever been arrested, charged, or held by Federal, State or other Law Enforcement Authorities, for any violation of any Federal Law, State Law, County or Municipal Law, Regulation or Ordinance? Yes No If 'Yes,' give date and place, charge and disposition: Include all Court Martials, while in military service. Do not include traffic violations for which the only penalty imposed was a fine of $25.00 or less. All other charges must be

included even if they were dismissed." To this question, the plaintiff answered No. Prior to this, on September 20, 1965, the plaintiff had been arrested on a rape charge. On December 23, 1965, the criminal matter was disposed of by the plaintiff's being found guilty of a lesser charge of disorderly conduct, for which he was given a sixty-day suspended jail sentence and placed on probation for one year. The defendant Norden Division discharged the plaintiff when the above facts became known. The plaintiff thereafter filed a claim for unemployment compensation benefits, pursuant to statute. The plaintiff was awarded benefits without disqualification.

Section 31-236 (2) (b) of the General Statutes provides for disqualification, inter alia, if the employee has "been discharged for wilful misconduct in the course of his employment." The defendant administrator determined that the plaintiff was not discharged for misconduct in the course of his employment, awarded benefits without disqualification, and as a result, the employer's merit rating account was charged. General Statutes §§ 31-226, 31-241. From this decision of the defendant administrator, the defendant employer appealed to the unemployment compensation commissioner, pursuant to § 31-242, who, after hearing the case de novo, affirmed the decision of the defendant administrator, from which decision this appeal is taken.

The plaintiff has not appeared either by counsel or pro se and is not participating in this appeal.

The commissioner awarded benefits on the ground that when the plaintiff completed the United Aircraft Corporation questionnaire, he could not fully answer the employer's question since he had not yet been tried or sentenced. The commissioner held that failure to answer the question as to prior

arrests was not wilful misconduct in the course of employment. The question asked of the plaintiff with regard to arrests was whether he had ever been arrested. The plaintiff was fully aware of his arrest on a serious charge, the arrest having been made approximately two weeks before his completing of the United Aircraft Corporation's personnel form.

Webster's New Collegiate Dictionary (1961) defines employment as an "act of employing or state of being employed, as to seek employment." Thus the plaintiff, when he answered the questionnaire, was seeking employment. The purpose of the questionnaire was obviously to cover the instant situation, where the employer is seeking information as to an applicant's criminal record.

Section 31-236 (2) (b), "Disqualifications," specifically provides that an employee is ineligible for unemployment compensation benefits if he was "discharged for wilful misconduct in the course of his employment." The issue is whether the plaintiff intentionally misled the employer and whether such conduct constituted wilful misconduct in the course of employment. Wilful misconduct in the course of employment prevents the award of unemployment compensation. Misconduct is any improper or wrong conduct, and when such misconduct is not trivial, but grave in character, it becomes wilful misconduct of a grave and aggravated character. Whether misconduct is serious is to be determined from its nature and not from its consequences. *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 55. By wilful misconduct is meant either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences to himself by him who is guilty of it. Id., 57. Mere viola-

tion of a rule does not always constitute wilful misconduct. To have that effect, the disobedience must have been deliberate, not merely a thoughtless act on the spur of the moment. *Frint Motor Car Co.* v. *Industrial Commission,* 168 Wis. 436, 439.

Certainly the act here was not a mere spur of the moment, thoughtless act but a deliberate attempt to mislead the employer continuously. The plaintiff intentionally disregarded the employer's best interest and deliberately violated his obligations to the employer by hiding the true nature of his arrest. The plaintiff, as shown by his conduct in falsifying his answer to the question, knew that if he truthfully answered the question he might not have been employed, and his conduct therefore constituted wilful misconduct under § 31-236 (2) (b). To sustain the commissioner's ruling that the plaintiff's conduct in answer to the question was not misconduct in the course of his employment would appear to distort the purposes of the act and offend public policy by rewarding a false answer rather than condemning the act of falsehood.

The appeal is sustained, and judgment may enter directing that the claims for unemployment compensation benefits involved herein be denied.