WILLIAM F. HANNON *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT    MIDDLESEX COUNTY    FILE No. 19605

Memorandum filed June 18, 1970

*William F. Hannon,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the named defendant.

*Robert H. Arnold,* of East Hartford, for the defendant United Aircraft Corporation.

PALMER, J. This is an appeal from an award of the unemployment commissioner for the second district which affirmed the decision of the defendant administrator granting the plaintiff's claim for

benefits. The appeal is taken by the defendant United Aircraft Corporation, hereinafter called the employer.

The commissioner's finding as corrected discloses the following. The plaintiff was sixty years of age and married, without children. He was employed in the employer's quality control department and earned $120 weekly. In July, 1968, he was absent on four occasions for an aggregate of seven days, giving illness as the reason for his absences, but he did not report any illnesses to the employer's medical department.

On July 19, 1968, the plaintiff was orally warned by his supervisor to improve his attendance and thereafter remained at work steadily for the following month. By the end of 1968, however, he had been absent a total of nineteen days on ten separate occasions, and he was given a written warning on November 11, 1968. During a period of fifteen months he was absent a total of fifty days on twenty-nine separate occasions and did not report his claimed illnesses to the employer's medical department. He was given a second written warning on January 21, 1969, and a final written warning on March 10, 1969.

The plaintiff claimed he pulled a tendon in his leg during the month of April, 1969, and for this reason was absent from work on April 30, May 8, May 19 and May 20, 1969. His employment required standing and considerable walking, and he determined the best remedy was to remain off his feet and rest. He reported his absences but did not report his claimed health problem to the employer's medical department, although he was covered by the employer for medical and emergency x-ray treatment, nor did he submit any medical evidence to substantiate his claim of illness in respect to any of his claimed illnesses.

The plaintiff did not seek any medical advice or treatment on his own because he said he could not afford it. The employer had a policy of providing benchwork jobs for employees with short-term injuries. The plaintiff never inquired about the possibility of being shifted to a bench job, although he was aware of this opportunity, and he did not avail himself of the opportunity to talk with the employer's personnel department.

On May 21, 1969, after the plaintiff's most recent absence of May 20, 1969, the employer terminated the plaintiff's employment on the ground of excessive absenteeism without substantiating medical evidence therefor.

The commissioner found that the employer had condoned the plaintiff's poor attendance for about a year and a half prior to the termination of his employment, and concluded that the plaintiff "was terminated by his employer for reasons other than wilful misconduct in the course of his employment." This is simply another way of saying that the plaintiff's absences did not constitute wilful misconduct, because the finding does not disclose any reasons for the termination other than the plaintiff's absences from work. The employer attacks the commissioner's conclusion on the ground that it is legally inconsistent with the subordinate facts found. Practice Book § 437.

Section 31-236 of the General Statutes provided as follows: "An individual shall be ineligible for benefits . . . (2) during the week in which, in the opinion of the administrator, he has . . . (b) been discharged . . . for wilful misconduct in the course of his employment, and for the next four following weeks . . . ." The issue presented in this case is whether the opinion of the administrator, affirmed by the commissioner, that the plaintiff was not dis-

charged for wilful misconduct in the course of his employment is a reasonable one in the light of the facts found.

In *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, a case arising under our Workmen's Compensation Act, the issue was whether the workman was guilty of the "wilful and serious misconduct" of the statute which prevents the award of compensation. The court said (p. 55): "Misconduct is any improper or wrong conduct. And when such misconduct is not trivial but grave in character, it becomes the serious misconduct of the statute, that is, improper conduct of a grave and aggravated character. . . . Not only must the misconduct be of . . . [a] grave character, but under the statute it must also be wilful. By wilful misconduct is meant either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences to himself by him who is guilty of it."

"Wilful implies bad purpose, wantonness and reckless indifference." *Duperry* v. *Administrator,* 25 Conn. Sup. 409, 411; see *Sturges* v. *Administrator,* 27 Conn. Sup. 215, 218; *Langlois* v. *Administrator,* 24 Conn. Sup. 177, 179.

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest . . . or negligence *in such degree or recurrence* as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." (Italics supplied.) 48 Am. Jur. 541, Social Security, Unemployment Insurance, and Retirement Funds,

§ 38. "[W]illfullness exists where the injury to the employer, although realized, is so recklessly disregarded that, even though there is no actual intent, there is at least a willingness to inflict harm, or a conscious indifference to the perpetration of the wrong; in such case a constructive intention is imputable to the employee." 81 C.J.S. 246, Social Security and Public Welfare, § 162.

"Under statutes providing that unemployment benefits are to be denied or delayed to one whose unemployment results from discharge for wilful misconduct, it has been held or recognized that persistent or chronic absenteeism, at least where the absences are without notice or excuse, and are continued in the face of warnings by the employer, constitutes wilful misconduct within the statute." Note, 41 A.L.R.2d 1158, 1160. "It must be true that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work. The element of willfulness is present in such situations, and prejudice to the employer's interests is obvious. Absences from work affect production, frequently make it impossible to utilize to the full extent the services of employes who are present and, when repeated time and again, without justification, tend to disrupt the discipline and order necessary for the proper maintenance of any enterprise." *Devlin Unemployment Compensation Case,* 165 Pa. Super. 153, 155.

In a period of fifteen months the plaintiff was absent from his work on twenty-nine separate occasions totaling fifty days, despite the fact that he received four warnings, including a final warning. He claimed his absences were due to illness, but he did not seek medical advice or assistance, and he did not report his claimed illnesses to the employer's

medical department, although the employer provided coverage for medical treatment. On one occasion he claimed his absence was due to a pulled tendon in his leg, but he did not inquire about the possibility of being shifted to benchwork, although he knew the employer had a policy of arranging for employees with short-term injuries to do such work. Nor did he avail himself of the opportunity to discuss his problems with the employer's personnel people. It is evident that the plaintiff on twenty-nine occasions decided entirely on his own, without medical advice or substantiation, that he was too ill to work, and did not do so.

Such conduct cannot reasonably be considered as merely thoughtless or inadvertent. Even if it was not consciously intentional, it manifested a reckless and wanton indifference and lack of regard for the employer's interests and a constructive intention to perpetrate a wrong against the employer. In the opinion of the court such conduct must in reason compel the conclusion that it constituted wilful misconduct within the meaning of § 31-236 (2) (b). The commissioner's conclusion that the plaintiff was terminated for reasons other than wilful misconduct in the course of his employment is legally inconsistent with the subordinate facts found, and is therefore erroneous.

The claim that the employer had condoned the plaintiff's poor attendance at his job is clearly without merit. The employer's generous treatment of plaintiff may not be distorted into forgiveness of his conduct, especially in the light of four warnings, including a final one. Forbearance yes; condonation no.

Judgment may enter sustaining the appeal.