## LINDA LAZARCHECK *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
### (2095)

TESTO, HULL and Borden, Js.

Argued January 4—decision released May 1, 1984

*Jonathan L. Gould,* with whom, on the brief, was *Barbara C. Deinhardt,* for the appellant (plaintiff).

*Thadd A. Gnocchi,* assistant attorney general, for the appellee (defendant).

TESTO, J. This is an appeal[1] from a judgment of the Superior Court dismissing the plaintiff's appeal from a decision of the employment security board of review

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

denying the plaintiff unemployment benefits. The plaintiff worked as an assembler for Veeder-Root Company from approximately 1980 until April 23, 1981. During the course of this employment, she received some attendance and lateness warnings.

On April 23, 1981, Veeder-Root Company was purchased by the defendant G. General Electro-Components (G. General) which became the plaintiff's new employer. On August 7, 1981, the plaintiff left the factory for lunch. When she returned, she punched her time card in and proceeded to eat her lunch in the lavatory during working hours. The president of G. General was notified of this and he along with the plaintiff and the supervisor discussed the incident in his office. The plaintiff was advised to quit her job by the union steward and did so, since a discharge would curtail her ability to seek future employment.

The plaintiff applied to the administrator of unemployment compensation and was granted benefits pursuant to General Statutes § 31-241[2] G. General appealed[3] the award to an appeals referee who reversed the administrator's ruling. In the findings of fact the referee stated that the plaintiff had a history of lateness and that such an incident led to her discharge. The decision disqualified the plaintiff for benefits under Gen-

[2] General Statutes § 31-241 provides in relevant part: "The administrator, or a deputy or representative designated by him and hereinafter referred to as an examiner, shall promptly examine the initiating claim and, on the basis of the facts found by him, shall determine whether or not such claim is valid and, if valid, the weekly amount of benefits payable and the maximum possible duration thereof. He shall promptly notify the claimant of the decision and the reasons therefor, which notification shall set forth the provision of this section for appeal."

[3] General Statutes § 31-242 provides in relevant part: "Unless such appeal is withdrawn, a referee shall promptly hear the claim, de novo, and render a decision thereon. . . . The parties, including the administrator, shall be notified of the referee's decision, which notification shall be accompanied by a finding of the facts and the conclusions of law upon which the decision is based."

eral Statutes § 31-236 (2) (B).[4] The plaintiff appealed[5] to the board of review (board) which adopted the referee's findings and affirmed the decision. The plaintiff also filed a motion to open and a motion to the board to correct those findings of fact which it had adopted from the referee. Both motions were denied. Thereafter, the plaintiff appealed[6] to the Superior Court. The court rendered judgment for the defendant holding that the decision appealed from was not unreasonable, arbitrary or illegal and dismissed the appeal. From that judgment, the plaintiff now appeals.

---

[4] General Statutes § 31-236 provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, he has been discharged or suspended for felonious conduct, conduct constituting larceny in the third degree, *repeated wilful misconduct in the course of his employment* . . . ." (Emphasis added.)

[5] General Statutes § 31-249 provides in relevant part: "At any time before the referee's decision has become final within the periods of limitation prescribed in section 31-248, any party including the administrator, may appeal therefrom to the board. . . . The board may remand the case to a referee for such further proceedings as it may direct. Upon the final determination of the appeal by the board, it shall issue its decision, affirming, modifying or reversing the decision of the referee. In any case in which the board modifies the referee's findings of fact or conclusions of law, the board's decision shall include its findings of fact and conclusions of law."

[6] General Statutes § 31-249b provides in relevant part: "At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the appellant resides. . . . When an appeal is taken to the superior court, the clerk thereof shall by writing notify the board of any action of the court thereon and of the disposition of such appeal whether by judgment, remand, withdrawal or otherwise and shall, upon the decision on the appeal, furnish the board with a copy of such decision. The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court also may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court or the court may order final disposition. A party aggrieved by a final disposition made in compliance with an order of the superior court, by the filing of an appropriate motion, may request the court to review the disposition of the case."

594

In appeals of this nature, the Superior Court sits as an appellate court to review only the record certified and filed by the board. Practice Book § 519; *Burnham* v. *Administrator,* 184 Conn. 317, 321, 439 A.2d 1008 (1981). The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board adopted the findings and affirmed the decision of the referee. *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978). The court's ultimate duty is only to decide whether there is a logical and rational basis for the decision or whether, in light of the evidence, the board has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. *Burnham* v. *Administrator,* supra, 322; *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 5, 434 A.2d 293 (1980); *Cervantes* v. *Administrator,* 177 Conn. 132, 134, 411 A.2d 921 (1979).

Since the referee determined that the plaintiff had not satisfied the statutory eligibility requirements for unemployment benefits, we have to determine whether the action taken by the referee and affirmed by the board and by the Superior Court was reasonable and supported by the evidence. General Statutes § 31-236 (2) (B)[7] disqualifies an employee if he was discharged for "repeated wilful misconduct" in the course of her employment. "Wilful" implies bad purpose, wantoness and reckless indifference. *Hannon* v. *Administrator,* 29 Conn. Sup. 14, 17, 269 A.2d 80 (1970); *Sturges* v. *Administrator,* 27 Conn. Sup. 215, 218, 234 A.2d 372 (1966). "Misconduct" must be an act of wanton or wilful disregard of the employer's interest or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to

---

[7] See footnote 4, supra.

the employer. *Sturges* v. *Administrator,* supra. Lastly, "repeated" is defined as "again and again." Webster, Third New International Dictionary.

The plaintiff contends that she was discharged for the single incident that took place on August 7, 1981, and not for any repeated incidents. In making its findings the referee apparently took into account her employment record with Veeder-Root. This record, however, was expunged when G. General purchased Veeder-Root.[8] Thus, from the evidence presented to the referee concerning the plaintiff's discharge, the referee could properly take into account only that evidence which related to the one incident of misconduct. We conclude that this does not fulfill the statutory requisite of *repeated,* wilful misconduct necessary to disqualify the plaintiff from unemployment benefits.

There is error; the judgment is set aside and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.

---

[8] The plaintiff's attendance record states: "All prior points dropped."