VIRGINIA BAILEY *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(3109)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued January 10—decision released April 9, 1985

*Virginia M. Bailey,* pro se, the appellant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

PER CURIAM. This is an appeal from a judgment of the Superior Court dismissing the plaintiff's appeal from the decision of the employment security board of review denying the plaintiff unemployment benefits. The plaintiff was employed as a private duty nurse's aide for a period of approximately three years, until she was discharged for wilful misconduct. The board

of review essentially adopted the findings of the appeals referee who found that the plaintiff had deliberately violated rules of conduct established by the employer, ranging from conflicts with fellow workers to disloyalty and insubordination.

The plaintiff principally claims that the board of review acted unreasonably, arbitrarily or illegally, and, therefore, the decision denying her eligibility for benefits should be overturned. Pursuant to General Statutes § 31-236 (2) (B), an individual is ineligible for unemployment compensation benefits if he is discharged for repeated wilful misconduct in the course of his employment. In this context, "wilful misconduct" refers to conduct evincing a wilful disregard of an employer's interest such as deliberate violations of the employer's procedures or a disregard of expected standards of behavior. *Hannon* v. *Administrator,* 29 Conn. Sup. 14, 17, 269 A.2d 80 (1970); see also *DeMilo* v. *West Haven,* 189 Conn. 671, 678, 458 A.2d 362 (1983). Wilful misconduct includes deliberate disobedience or the intentional violation of a known rule. *A. C. Gilbert Co.* v. *Kordorsky,* 134 Conn. 209, 211–12, 56 A.2d 169 (1947); *Bigelow Co.* v. *Waselik,* 133 Conn. 304, 308, 50 A.2d 769 (1946).

In appeals of this nature, the Superior Court does not try the matter de novo and is bound by the findings of subordinate facts and reasonable conclusions made by the appeals referee. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 4–5, 434 A.2d 293 (1980); *Lazarcheck* v. *Administrator,* 1 Conn. App. 591, 594, 474 A.2d 465 (1984).

Perusal of the referee's findings reveals that the plaintiff's conduct extended beyond mere inefficiency, inability or misjudgment.

The referee's conclusion that the plaintiff had engaged in repeated wilful misconduct was supported by the subsidiary facts found and was not unreasonable or arbitrary.

There is no error.