## Frank Rivera *v.* Administrator, Unemployment Compensation Act, et al. (3238)

Spallone, Daly and Celotto, Js.

Argued May 31—decision released August 6, 1985

*Thomas F. Brown,* with whom, on the brief, was *Vincent Villano,* for the appellant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

Celotto, J. The plaintiff appeals from a judgment of the Superior Court dismissing his appeal from the denial of his request for unemployment benefits.

The plaintiff was terminated from his employment on June 24, 1982. On June 19, 1981, and May 4, 1982, the plaintiff received written and oral reprimands for poor work attendance. On June 6, 1982, the plaintiff sustained personal injuries as a result of being struck by an automobile. The plaintiff underwent medical treatment for his injuries on five occasions between June 8 and July 1, 1982.

The plaintiff asked his brother, who worked for the same employer, to inform the employer that the plaintiff had been in an accident and that he would not report to work on June 7. The plaintiff's brother did not advise the employer of the accident until June 8. The plaintiff did not contact his employer until June 11, on which date he phoned the plant manager and told him that he would return to work on June 14. The plaintiff did not contact his employer subsequent to June 11, and he was terminated on June 24 for failing to return to work on June 14.

On July 29, 1982, the administrator denied unemployment compensation benefits to the plaintiff on the ground that the plaintiff left work voluntarily and without sufficient cause. On August 27, 1982, the appeals referee affirmed the denial of benefits. The appeals referee concluded, however, that the plaintiff was discharged from his employment for repeated acts of wilful misconduct, pursuant to General Statutes § 31-236 (2) (B). On October 15, 1982, the board of review affirmed the decision of the appeals referee. On March 22, 1983, the Superior Court, *Cretella, J.,* remanded the case to the appeals referee for proceedings de novo, and for further proceedings on the record. Subsequent to the rehearing, the appeals referee again affirmed the denial of benefits. The decision of the appeals referee, which was affirmed by the board of review, was again based on General Statutes § 31-236 (2) (B) concerning discharge from employment for repeated acts of wilful misconduct.

On May 1, 1984, the Superior Court, *Reynolds, J.,* dismissed the plaintiff's appeal, finding that the referee's conclusions were supported by the findings of fact and that a review of the record did not support a conclusion that the referee acted unreasonably, arbitrarily or illegally.

In this appeal, the plaintiff claims that the appeals referee erred (1) in failing to find that when the plaintiff called his employer on June 11 he told the employer that he "might" return to work on June 14, not that he "would" return to work on June 14, (2) in failing to find that from June 11 to June 14 the plaintiff was bedridden, went to visit a doctor on June 16, and asked his brother to report this fact to his employer, and (3) in finding that the plaintiff was not totally disabled during his absence from work. Thus, the plaintiff contends that he did not leave suitable work voluntarily and without sufficient cause, and that he did not engage in repeated acts of wilful misconduct. See General Statutes § 31-236 (2) (A).

In unemployment compensation cases, the court is bound by the referee's findings of fact: "In appeals of this nature, the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee. . . . The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citations and footnote omitted.) *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 4–5, 434 A.2d 293 (1980). Insofar as the plaintiff's appeal is directed to the factual findings of the appeals referee, appellate review is limited to determining whether these factual conclusions were reasonably and logically drawn. *Guevara* v. *Administrator,* 172 Conn. 492, 495–96, 374 A.2d 1101 (1977); *Stapleton* v. *Administrator,* 142 Conn. 160, 165, 112 A.2d 211 (1955). A review of the proceedings indicates that the factual con-

clusions of the referee, adopted by the board of review, were both reasonable and logical. See *Goranson* v. *Administrator,* 3 Conn. App. 420, 488 A.2d 849 (1985).

On the basis of the evidence presented, the appeals referee found that the plaintiff was terminated for unreported absences. In light of the plaintiff's poor work attendance record, the referee concluded that the plaintiff was guilty of "wilful misconduct" in failing properly to notify his employer of his absence.

General Statutes § 31-236 (2) (B) provides that an individual shall be ineligible for benefits if he was discharged for "repeated wilful misconduct" in the course of his employment. " 'Wilful' implies bad purpose, wantoness and reckless indifference." *Lazarcheck* v. *Administrator,* 1 Conn. App. 591, 594, 474 A.2d 465 (1984). "Misconduct" is "an act of wanton or wilful disregard of the employer's interest or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Id., 594–95; *Sturges* v. *Administrator,* 27 Conn. Sup. 215, 218, 234 A.2d 372 (1966). "Repeated" is defined as "again and again." *Lazarcheck* v. *Administator,* supra, 595, quoting Webster, Third New International Dictionary.

Under the facts of this case, the appeals referee could reasonably and logically have concluded that the plaintiff was guilty of "wilful misconduct." See *Hannon* v. *Administrator,* 29 Conn. Sup. 14, 269 A.2d 80 (1970).

In *Hannon,* wilful misconduct was found to exist where, during a fifteen month period, the plaintiff was absent from work on twenty-nine separate occasions despite receiving four warnings. On his most recent absence, the plaintiff was terminated. The plain-

tiff claimed that his absences were due to illness, but he did not seek medical advice or report his illness to the employer's medical department.

In the present case, the plaintiff was absent without properly notifying the employer. This absence occurred despite two prior warnings issued to the plaintiff regarding his poor work attendance. Thus, the appeals referee could have concluded that the plaintiff's absence amounted to wilful misconduct. While the incident giving rise to the plaintiff's termination occurred during his absence as a result of the automobile accident, the prior warnings were properly considered in establishing the plaintiff's awareness of the situation. The referee's conclusion that the plaintiff had engaged in repeated wilful misconduct was supported by the subsidiary facts found and was not unreasonable or arbitrary.

There is no error.

In this opinion the other judges concurred.