[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of an Appeals Referee which found the claimant was not entitled to benefits because he was properly discharged for repeated acts of wilful misconduct.
The findings of facts indicate the claimant was employed as a laborer for Regency Architectual Metals from February 1987 until June 23, 1989. At the commencement of his employment he received company rules which required him to report absences. On April 28, 1989 the claimant was repremanded for a poor work attitude and he was permitted a paid vacation from May 1, 1989 to May 5, 1989 to seek other work. He then failed to show up for work until May 8, CT Page 3875 1989. He was again absent on May 26 and May 29, 1989. He was again absent on June 16, 1989 and tardy on June 19, 1989. He was again absent from June 23 to July 5, 1989. On each of these occasions he failed to report his absences to the employer. The employer terminated his employment because of repeated acts of wilful misconduct in failing to notify his employer regarding his absence from his employment.
The claimant contends that when he was terminated on June 15, 1989 he had been absent for three days taking care of his daughter, and that he notified his employer he would be out from Monday until Thursday.
The trial court's review is limited to deciding whether the administrative action taken was arbitrary, unreasonable, illegal, or an abuse of discretion. All Brand Industries, Inc. v. Dept. of Liquor Control, 213 Conn. 184, 192 (1989); Board of Education v. FOIC, 208 Conn. 442, 452 (1988); Fellin v. Administrator,196 Conn. 440, 445 (1985); Finkenstein, 192 Conn. at 113; Burnham v. Administrator, 184 Conn. 317, 322 (1981); Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 5 (1980); see Todd v. Administrator, 5 Conn. App. 309, 312 (1985). The Superior Court does not retry facts or hear evidence in unemployment compensation appeals. Finkenstein, 192 Conn. at 112; see also UPS, Inc. v. Administrator, 209 Conn. 381, 38 (1988). The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee.
Connecticut General Statutes 31-236 (2)(B) states that an individual shall be ineligible for benefits if his discharge was the result of "repeated wilful misconduct" in the course of his employment. Rivera v. Administrator, 4 Conn. App. 617, 620
(1985). "Wilful implies bad purpose, and wantonness implies reckless indifference." Id. "Misconduct" is an action or wilful or wanton disregard of the employer's interest or such negligence as to indicate culpability, or wrongful intent or show an intentional, substantial disregard of the employer's interest or of the employee's duties to the employer. Id. "Repeated" means "again and again". Id. see also Todd, 5 Conn. App. at 312; Lazarcheck v. Administrator, 1 Conn. App. 591, 594 (1984); UPS, Inc. v. Administrator, 209 Conn. at 386.
Based upon the finding of fact of the referee there is sufficient evidence in the record to support the conclusions reached, and therefore the appeal is dismissed.
HOWARD F. ZOARSKI, JUDGE