[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this appeal is whether the Court should sustain the employer's appeal and reverse the decision of the Employment Security Review Board affirming the award of unemployment compensation benefits to the claimant.
The Court hereby affirms the decision of the Employment Security Review Board and dismisses the employer's appeal.
The examiner awarded the claimant, Myrna Willet, unemployment benefits on May 11, 1989. The employer, Attorney Richard Gruskin, appealed this decision to an appeals referee who made findings of fact and affirmed the claimant's award. On August 13, 1990, the employer filed a motion to reopen or modify the decision with the appeals referee, requesting a new hearing for the purpose of requiring the claimant to provide testimony and/or medical records to substantiate the alleged illness which caused her absenteeism and resulting discharge. The appeals referee denied the employer's motion on August 13, 1990.
The employer then filed an appeal with the Employment Security Board of Review (hereinafter "Board of Review") on August 27, 1990. The Board of Review issued its decision on September 26, 1990. In it, he denied the employer's request for an evidentiary hearing and affirmed the appeals referee's decision adopting the appeals referee's findings of fact and decision as its own.
On October 3, 1990, the employer filed a timely appeal to the Superior Court pursuant to General Statutes CT Page 216831-249b.
"At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court. . ." General Statutes 31-259b. "The board of review's decision becomes final on the thirty-first day after the date on which a copy of the decision is mailed to the party." General Statutes 31-249a.
The Board of Review issued its decision on September 26, 1990, and the employer filed this appeal on October 3, 1990.
Judicial review of any decision shall only be permitted after a party aggrieved thereby has exhausted his remedies before the board. General Statutes 31-249a.
An aggrieved party is one who is "affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision." Smith v. Planning and Zoning Board of Milford, 203 Conn. 217, 321, 524 A.2d 1128
(1987).
The employer has exhausted his remedies before the Board. The employer is aggrieved because his pecuniary interest has been directly affected by the award of unemployment compensation benefits to the claimant.
"The application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes 31-235 and 31-236 involves a mixed question of fact and law in which expertise of the administrative agency is highly relevant." Burnham v. Administrator, 184 Conn. 317, 249 A.2d 1008 (1981). A trial court's review of the factual findings is limited to a review of the certified record filed by the Board of Review. Fellin v. Administrator, 196 Conn. 440, 444, 493 A.2d 175 (1985). The scope of judicial review is then "limited to determining whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Id., 445. Factual conclusion must stand if they were reasonably and logically drawn and conclusions of law must stand if they "resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Riveria v. Administrator, 4 Conn. App. 617, CT Page 2169495 A.2d 1125 (1985), quoting Robinson v. Unemployment Security Board of Review 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
The employer's appeal challenges both the Board's factual findings and legal determination.
Issues raised in an appeal which are not briefed are abandoned. State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311 (1987). The employer has listed several issues in his appeal, however, the employer has only briefed the issue of whether the claimant was discharged for repeated wilful misconduct. As such, the Court may only review this issue.
An individual who, in the opinion of the administrator has been discharged for "repeated wilful misconduct," shall be ineligible for unemployment compensation. General Statutes31-236(a)2(B). The term wilful implies wanton and reckless indifference and bad purpose. Riveria v. Administrator, supra, quoting Lazarcheck v. Administrator, 1 Conn. App. 591, 594,474 A.2d 965 (1984). "Misconduct is `an act of wanton and wilful disregard of the employee's interest or negligence in such a degree or recurrence as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligation to the employer.'" Riveria v. Administrator, supra, 620, quoting Sturges v. Administrator, 27 Conn. Sup. 215, 218, 234 A.2d 372
(1966).
The Board of Review adopted the factual findings of the referee. (Decision of the Board of Review, September 26, 1990, at 2). The appeals referee made the following relevant findings:
 (3) The claimant was discharged from her job because of excessive absenteeism. She had been absent a total of seventeen days between January 6, 1989 and April 14, 1989 when she was terminated.
 (4) The final absences which caused the claimant's discharge were on March 6, 1989 when she was out sick, and the entire week ending March 3, 1989 when her daughter was ill. The CT Page 2170 claimant's prior absences were also due to her own or her child's illness.
 (5) The employer repeatedly advised the claimant that her attendance had to improve because she was the only secretary in the office. The claimant was informed of her termination on March 24, 1989 and she agreed to continue working until the employer hired a replacement.
(Decision of Appeals Referee, July 31, 1990, pp. 1-2.)
The referee concluded that the claimant was discharged because of excessive absenteeism. The referee then stated that because there is no evidence that the claimant's absences which caused her discharge were without legitimate excuse or that she failed to properly report her absences, it cannot be found that the claimant was discharged for wilful misconduct.
The appeal referee's factual conclusion that the claimant was discharged for excessive absenteeism, which was adopted by the Board of Review, logically followed from his findings of subordinate facts. Furthermore, the appeals referee's legal conclusion, also adopted by the Board of Review, that the plaintiff's excessive absenteeism did not amount to "repeated wilful misconduct," resulted from a reasonable and logical application of the law to the facts. As such, the Board of Review did not act unreasonably, arbitrarily or illegally.
Accordingly, the Court affirms the Board of Review's decision and dismisses the employer's appeal.
Richard T. O'Connell, J. CT Page 2171