[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was assigned for hearing on June 22, 1993 when all parties appeared and the appellant (Evans) requested until July 13, 1993 to submit his brief. The Administrator, Unemployment Compensation Act (Administrator) was given until July 20, 1993 to file a brief and Beckson Marine, Inc. (Beckson) was given until July 27, 1993 to file its brief. A final hearing was scheduled, with the parties present, for August 2, 1993 at 2:00 P.M. On that date, the appellant failed to appear nor was his brief filed. The matter was continued to August 9, 1993 when all parties appeared and arguments were heard.
This statutory appeal is from a decision by the Employment Security Board of Review (Board) that adopted the findings of the Appeals Referee (Referee) and affirmed his decision. The Referee, after conducting a hearing de novo, made findings of fact and reversed the determination by the Administrator that Evans was eligible to receive unemployment benefits.
Beckson discharged Evans for repeated wilful misconduct on September 21, 1990. He was employed by the company as a Sales Manager from April, 1987 to the date of his termination. While initially authorized to independently purchase certain materials and supplies for Beckson, in 1988 Evans was directed to obtain a purchase order from the office manager or the company president CT Page 9635 before placing any future orders for the company.
In 1990 Evans was found to have placed an order for $100,000 worth of merchandise without prior approval thereby causing the company to cancel the order. On January 12, 1990, Beckson wrote to all of its suppliers to advise that future purchase orders should be considered valid only if signed by the company's president, its office manager or a specifically designated Accounts Payable Clerk.
In May of 1990, Evans ordered, without authorization, 75 copies per month of a sailing magazine. This order was placed directly to the magazine publisher but at no time did Evans obtain permission to expend company funds for this purchase. Another vendor informed Beckson of an attempt by Evans to purchase materials without the validated purchase order. The vendor refused to honor Evans' request and informed Beckson that Evans had represented himself as the vice president of Beckson. The Referee made a finding that at no time had Evans been made a company vice president nor had he ever been authorized by Beckson to hold himself out as such. Numerous other instances of Evans' behavior found by the Referee to support Beckson's claim that Evans was discharged for repeated wilful misconduct are in the record.
This court sits as an appellate court in reviewing unemployment compensation appeals and its limited jurisdiction does not permit a de novo hearing of the facts certified in the record by the Board of Review. United Parcel Services, Inc. v. Administrator., 209 Conn. 104, 112 (1984). Although Evans claims that he was denied due process in that there was insufficient notice to him of the claims being made against him by Beckson, thus denying him an opportunity to present contrary evidence, both the record and his own brief dispute that claim.
Evans appeared at each stage of the administrative procedure in support of his benefits claim. The original determination of eligibility was set aside and the de novo hearing held upon a claim by Beckson that it did not receive notice of the first scheduled hearing. Evan's brief seems to argue for a determination by this court of the underlying factual basis for the Referee's findings. The court is bound by the findings of subordinate facts and reasonable conclusions drawn therefrom as reflected in the Appeals Referee's decision, adopted and affirmed by The Board of Review. It can neither retry the facts nor hear evidence. Acro Technology v. Administrator Unemployment Compensation Act, 25 Conn. App. 130,134 (1991); Fellin v. Administrator Unemployment Compensation Act, CT Page 9636196 Conn. 440, 444-445 (1985).
A claim of wilful misconduct in the course of one's employment refers to conduct evincing a wilful disregard of the employer's interest, including deliberate disobedience or intentional violation of a known rule. Deliberate violations of the employer's procedures or a disregard of expected standards of behavior are held to constitute wilful misconduct. Bailey v. Administrator,3 Conn. App. 494, 495 (1985); Lazarcheck v. Administrator, 1 Conn. App. 591,594 (1984).
Section 31-236(b) Reg. Conn. Agencies (1987), defines repeated wilful misconduct as the commission of two or more acts of wilful misconduct, where the final act leading to the individual's discharge was an act of wilful misconduct coming within one year of one or more prior acts of wilful misconduct. Section 31-236(a)(2), General Statutes, declares an individual ineligible for benefits upon a determination, inter alia, that the individual was discharged or suspended for repeated wilful misconduct in the course of his employment.
The Referee, as fact finder, has the undisputed power to weigh the credibility of witnesses. Howell v. Administrator, 174 Conn. 529,532 (1978). Nothing in the record shows his findings to be unreasonable, arbitrary, illegal or an abuse of his discretion. Again, the arguments advanced by Evans in his brief are aimed at seeking a retrying of the underlying facts of the claim for benefits. This the court should not and cannot do.
The decision of the Board of Review is affirmed. The appeal is dismissed.
BY THE COURT, LEANDER C. GRAY, JUDGE