[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON-DEFENDANT'S MOTION FOR JUDGMENT
The plaintiff, Technical Coatings Laboratory, Inc. (hereinafter "Technical Coatings") has brought this petition on appeal of a decision of the Employment Security Board of Review which affirmed the decision of an Employment Security Referee approving the payment of unemployment benefits to Dru Tiwari, a former employee of Technical Coatings. The petition is brought pursuant to General Statutes § 31-249b. The defendant, Administrator, Unemployment Compensation Act has moved for judgment dismissing Technical Coating's appeal. For the reasons set forth below, the motion for judgment is granted and the appeal is ordered dismissed.
The case turns on events that occurred on November 12, 1993. From 1991 until November 12, 1993, Dru Tiwari was employed by Technical Coating as a machine operator. Prior to November 12, 1993, Tiwari had been tardy in reporting for work on multiple occasions. The required starting time for his job was 7:00 a.m. CT Page 8379
On November 12, 1993, the claimant's nineteen month old son fell at home and had to be transported to Hartford Hospital at approximately 6:45 a.m. At approximately 7:30 a.m., Tiwari called Technical Coatings and, after stating "I have a problem", was instructed not to report to work. He was subsequently discharged.
The Board of Review found that because of the justification for the tardiness and Tiwari's reasonable notification to the employer, the tardiness on November 12, 1993 did not constituted an act of wilful misconduct and therefore did not disqualify Tiwari from receiving unemployment compensation benefits. This appeal then followed.
The issue before the court is whether the decision of the Board of Review is unreasonable, arbitrary or illegal.Guevara v. Administrator, 172 Conn. 492, 495 (1977). In deciding that issue, the court is bound by the findings of subordinate facts made by the appeals referee and adopted by the Board of Review. Robinson v. Unemployment SecurityBoard of Review, 181 Conn. 1, 4-5 (1980); Lazarcheck v.Administrator, 1 Conn. App. 591, 594 (1984); Baliey v.Administrator, 3 Conn. App. 494, 495 (1985).
Taylor Coatings' principal argument is that the Board of Review did not view the final act for which Tiwari was terminated as part of a pattern of wilful misconduct. In support of this position, Taylor Coatings relies uponUnited Parcel Service v. Administrator, 209 Conn. 381,387-88 (1988) (a final incident may be repeated wilful misconduct if the conduct at issue is part of a past pattern of wilful misconduct).
Discussion
The Board of Review concluded that the medical emergency facing the claimant involving his nineteen month old son provided justification for his conduct in not reporting to work on November 12, 1993. Moreover, the Board further noted that the claimant's notification to his employer at 7:30 a.m. further undermined the wilfulness of the tardiness. The Board's failure to find that the actions on November 12, 1993 were part of a pattern of wilful misconduct was neither unreasonable, arbitrary nor CT Page 8380 illegal. The special and exigent circumstances presented on November 12, 1993 provided a reasonable basis to distinguish the events of that date from the previous instances of tardiness.
In sum, the court does not find that the decision of the Board of Review was unreasonable, arbitrary or illegal but, to the contrary, was adequately supported by the facts.
Conclusion
For the reasons set forth above, the motion for judgment is granted and the appeal is dismissed.
So ordered at Hartford, Connecticut this 5th day of September, 1997.
Devlin, J.