[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal concerning unemployment compensation. The claimant, Deborah M. Begin, was employed at Datahr Rehabilitation Institute, (Datahr) for nearly one year prior to May 3, 1996, the date of her discharge. In April of 1996, the employer Datahr became aware that the claimant omitted one prior employer from her employment application. The omitted employer was a subsidiary of Datahr. (Return of Record [ROR], Item 9, Findings of Fact #4). The claimant continued to work from April 11, 1996, the date Datahr discovered the omitted employment to the date of discharge on May 3, 1996, a period of about three weeks. The basis for the discharge was "wilful misconduct" in the course of employment. Under the Connecticut Unemployment Compensation Act, General Statutes § 31-236 (a)(2)(B) an employee is ineligible for CT Page 643 benefits if discharged for wilful misconduct.
Pursuant to General Statutes § 31-240, the claimant filed a claim for unemployment compensation benefits against her former employer. It is undisputed that a former employment was not included on the employment application with Datahr. The claimant argues that the discharge was not prompted by the missing employment information, but rather, coincided with a co-worker's return from a leave of absence.
By decision dated May 21, 1996, the administrator approved her application for benefits, on the basis that there had been no "deliberate misconduct" on the part of the claimant.[1] After a hearing before an associate appeals referee on July 2, 1996, the referee affirmed the administrator's decision, finding that there was no satisfactory explanation for the delay in discharge and that there was a strong inference that the employee was discharged for some reason other than misconduct as claimed by the employer.
On July 29, 1996, the employer appealed the referee's decision to the Employment Security Board of Review (Board), pursuant to General Statutes § 31-249. By decision dated September 12, 1996, the Board reversed the referee's decision, finding that the employer's delay in discharging the claimant was because it had not encountered this situation before and did not want to "rush to judgment", since the claimant had performed satisfactorily. The claimant, hereinafter referred to as the plaintiff, has taken this timely appeal of the Board's decision. The defendant moves that the court enter judgment dismissing the appeal.
This court does not consider this matter de novo but sits as an appellate court reviewing the decision of the Board of Review. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative CT Page 644 action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385-86, 551 A.2d 724 (1988).
Given the narrow scope of review, this court cannot question the Board's finding with respect to the issue of the delay between the discovery of the "misconduct" and the date of discharge. This is not the case with regard to the Board's finding of "wilful misconduct." The court agrees with the Board that the claimant's failure to disclose her prior history constituted a falsification of her employment application. The Board then concludes that this falsification constitutes "wilful misconduct."
"``Wilful' implies bad purpose, wantonness and reckless indifference.' Lazarcheck v. Administrator, 1 Conn. App. 591,594, 474 A.2d 465 (1984). `Misconduct' is `an act of wanton or wilful disregard of the employer's interest or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' Id., 594-95; Sturges v.Administrator, 27 Conn. Sup. 215, 218, 234 A.2d 372 (1966)."Rivera v. Administrator, 4 Conn. App. 617, 620, 495 A.2d 1125
(1985). Our Supreme Court has said that: "By wilful misconduct is meant either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences to himself by him who is guilty of it. . . . Mere violation of a rule does not always constitute wilful misconduct. To have that effect the disobedience must have been deliberate, not merely a thoughtless act on the spur of the moment. . . . The breach of a rule by one who knows at the time that the is breaking the rule is a wilful breach; but if by direct proof, or out of the circumstances, it appears to have been the result of thoughtlessness or inadvertence, the breach cannot be held to have been wilful. It follows that improper or wrong conduct which is intentional, that is, such as is done purposely with knowledge, constitutes wilful misconduct. . . ." (Citations omitted; internal quotation marks omitted.) Bigelow Co. v. Waselik, 133 Conn. 304, 308, 50 A.2d 769
(1946).
The court, although bound by the Board's findings of the underlying facts, is only bound by the reasonable conclusions drawn from those facts. Acro Technology, Inc. v. Administrator,
CT Page 64525 Conn. App. 130, 134, 593 A.2d 154 (1991). The Board did not make sufficient findings to support its conclusion that the omission from the application of the former employer constituted wilful misconduct. The Board did not find that the failure to disclose was "intentional" which it must find to conclude wilful misconduct. Without a finding that the claimant intentionally falsified the application, the Board was not justified in concluding that the omission constituted wilful misconduct within the meaning of General Statutes § 31-236.
The plaintiff's appeal is therefore sustained, the decision of the Board is reversed and the case is remanded for further proceedings consistent with this opinion.
PELLEGRINO (J)