[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: MOTION FOR JUDGMENT (#103) ANDMOTION TO STRIKE FROM TRIAL LIST (#104)
Plaintiff/claimant has appealed to the Superior Court from the decision of the Employment Security Review Board, dated February 27, 1997, affirming the decision of the Appeals Referee and dismissing the appeal.[1] Defendant/Administrator has moved for judgment pursuant to General Statutes § 31-249b and Practice Book § 511B. Subsequent to the filing of the motion for judgment, defendant moved to strike the appeal from the civil trial list.[2]
The Board has certified the administrative record to this court. The record reveals that plaintiff/claimant was employed by EBM Industries, Inc., Farmington, from April 12, 1995 to October 24, 1996 as a permanent employee. He had been a general laborer on the second shift, but on October 8, 1996 was transferred to the first shift paint line. During claimant's initial week on the first shift, a co-worker suggested that he was not performing his work properly, which in turn, caused claimant to complain to a group leader regarding what he considered to be unjustifiable criticism. The group leader assured claimant that he was performing his job appropriately. On October 24, 1996, a coworker from another department maintained that claimant was performing his job improperly and insisted that he work in a different manner. The claimant considered the criticism/suggestion of the co-worker to be disrespectful, leading to the involvement of their supervisor. Claimant was told that he had to follow the advice and directives of his coworkers. The supervisor got upset with claimant, and appeared to stop concentrating on claimant's remarks; the claimant accused CT Page 414 the supervisor of not listening to him, asked the supervisor why he was raising his voice, and also asked if he no longer wanted claimant at work, "if he wanted him to leave." The supervisor responded that he did not care if claimant left or not; claimant stated he would give his two week notice, and the supervisor instructed him to leave immediately. Claimant was paid for the two week notice period.[3]
The Administrator denied plaintiff/claimant's application for benefits on the basis that he voluntarily quit his employment.[4] Claimant appealed the Administrator's decision and, on December 18, 1996, the appeals Referee conducted a hearing de novo; by decision dated December 20, 1996, the Referee rendered findings of fact and affirmed the determination of the Administrator on the voluntary quit issue, concluding:
 "The supervisor acted within his discretion in criticizing the claimant's behavior, even if the claimant did not agree with him. Moreover, the claimant concedes that he usually did not have a problem with the supervisor, the final incident was isolated. Thus, he has not established a pattern of unreasonable criticism or verbal abuse . . . The claimant has failed to meet his burden of proving that he left work with good cause attributable to the employer."[5]
On December 27, 1996, claimant appealed the decision of the Referee to the Board of Review. The Board, by decision dated February 27, 1997, concluded that claimant voluntarily left his job without cause attributable to his employer; the Board adopted the Referee's findings of fact and decision as its own, stating: "the Referee's findings of fact are supported by the record [and] . . . the conclusion reached by the Referee is legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act governing the issue presented by the appeal."[6] Following the Board's denial of the motion to reopen, claimant filed a timely appeal to the Superior Court; defendant's motion for judgment was filed September 4, 1997.[7]
It is well established that in considering appeals of this nature the role of the Superior Court is quite limited. It is not the function of the court to adjudicate questions of fact and the reviewing court may not substitute its own conclusions for those of the Appeals Referee or the Board. Guevara v. Administrator,172 Conn. 492, 495-96 (1977). The Superior Court does not conduct CT Page 415 a trial de novo and "is bound by the findings of subordinate facts and reasonable factual conclusions made by the Appeals Referee where, as here, the Board of Review adopted the findings and affirmed the decision of the referee. " Burnham v.Administrator, 184 Conn. 317, 321-22 (1981); Bailey v.Administrator, 3 Conn. App. 494, 495 (1985) . The court's function is merely to ascertain, upon a full review of the certified record, whether the agency's action was illogical, unreasonable, arbitrary, illegal, or an abuse of its discretion.Robinson v. Unemployment Security Board of Review, 181 Conn. 1,4-5 (1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id.
Because of the limited function of the Superior Court in an appeal from the decision of the Board, review of the administrative action is properly before the court on the short calendar motion for judgment. Practice Book Section 511B. As stated, the court does not retry the facts or hear evidence, review being confined to a careful examination of the certified record and the legality of the administrative conclusion(s). Since the only evidence considered by the court is that certified to it by the Board, the appeal may, in the circumstances of this case, be presented as a short calendar matter (nonarguable or arguable, as per compliance with the rules governing short calendar) on a motion for judgment, as opposed to a trial list assignment.[8] It thus appears to the court that defendant's motion to strike this matter from the trial list has merit and should be granted, particularly since on the date of the assigned short calendar argument, plaintiff did not appear in opposition to either the motion to strike from the trial list or the motion for judgment. See: endnote #7, supra.
General Statutes § 31-236 (a)(2)(A) provides that "[a]n individual shall be ineligible for benefits . . . if . . . he has left suitable work voluntarily and without good cause attributable to the employer . . ." As the Appeals Referee stated in his opinion, agency regulations provide that when an employee is subjected to a pattern of verbal abuse, which would be offensive to a reasonable person, by a fellow employee or a supervisor, there would ordinarily be good cause, attributable to the employer, for leaving the particular employment. Further, under the proposed regulations, where such circumstances exist, an employee must normally express his dissatisfaction regarding CT Page 416 working conditions to his employer and unsuccessfully seek a remedy through those means reasonably available to him before leaving his employment, Sections 31-236-22 (a)(1)(H) and 31-236-22
(a)(2), Regulations of Connecticut State Agencies. Also as stated by the Referee, good cause has been found where "the criticism takes the form of unrelenting, carping protests that are unjustified and without reason, or inveigh against the employee in an abusive, abrasive and insulting manner."[9]
Although the claimant contends he was harassed by the supervisor, the Board found no evidence of unfair or unreasonable conduct toward plaintiff/claimant and, in my view, none is to be gleaned from a review of the certified record. The Board has previously held that [t]he standard to be applied in determining good cause is whether a reasonably prudent person, not a supersensitive person, would be justified in quitting work under similar circumstances."[10] The claimant referred to only one, isolated incident, and conceded that he did not normally have any problem or difficulty with the supervisor; the agency conclusion that plaintiff/claimant did not establish a pattern of unreasonable criticism or verbal abuse finds support in the record certified for court review.[11]
As indicated, the function of the court in an appeal such as this is severely limited, and the Superior Court cannot
substitute its judgment for that of the administrative body.Guevara v. Administrator, supra. The agency decision is supported by the administrative record returned to this court; on that record, I am unable to conclude that the Board's determination (or that of the Appeals Referee) was illogical, unreasonable, arbitrary, illegal, or an abuse of discretion. The record supports the administrative conclusion that plaintiff/claimant voluntarily left suitable work at EBM Industries, Inc. without good cause attributable to his employer and, therefore, was ineligible for benefits.
Defendant's motion to strike this case from the trial list is Granted; defendant's motion for judgment dismissing the appeal is Granted.
Mulcahy J.