WESTPORT DEVELOPMENT AND MANUFACTURING COMPANY, INC. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(4474)

BORDEN, DALY and BIELUCH, Js.

Argued October 14—decision released November 25, 1986

*Joseph Glass,* for the appellant (plaintiff).

*Robert B. Teitelman,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (named defendant).

BIELUCH, J. This is an appeal from a judgment of the trial court dismissing the appeal of the plaintiff employer from the decision of the employment security board of review (board). The board had affirmed the decision of the appeals referee dismissing the employer's appeal from the award of unemployment compensation benefits by the administrator.

The plaintiff claims that the trial court erred in upholding the board's adoption of the referee's findings of fact and decision as its own, thereby affirming the referee's decision that the employee's separation was involuntary and took the form of a discharge by the plaintiff.[1] The plaintiff argues that the court erred in dismissing its appeal because the facts of this case compel the finding that the employee left her employment voluntarily, and that the board's finding to the contrary was unreasonable, arbitrary and an abuse of discretion.

"In unemployment compensation cases, the court is bound by the referee's findings of fact: 'In appeals of this nature, the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee. . . . The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.' (Citations and footnote omitted.) *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 4–5, 434 A.2d 293 (1980). Insofar as [an] appeal is directed to the factual findings of the appeals referee, appellate review is limited to determining whether these factual conclusions were reasonably and logically drawn. *Guevara* v. *Administrator*, 172 Conn. 492, 495–96, 374 A.2d 1101 (1977); *Stapleton* v. *Administrator*, 142

[1] When first presented with this issue, the board remanded the matter to the referee to determine whether the plaintiff left her employment voluntarily. On remand, the referee concluded that the plaintiff's separation from employment was involuntary and constituted a discharge. The employer then took a second appeal to the board. The appeal to the Superior Court was from the later decision of the board.

Conn. 160, 165, 112 A.2d 211 (1955)." *Rivera* v. *Administrator,* 4 Conn. App. 617, 619, 495 A.2d 1125 (1985).

In the present case, the referee found that the employee had given a verbal two week notice of her intention to leave on February 15, 1984. The referee also found that the employee was not allowed to work to her announced termination date and was not paid to the conclusion of her notice period, but rather, was terminated immediately following the tender of her future resignation and paid through February 10, 1984, despite her expressed willingness to work beyond that date to February 15, 1984, and even later "until such time as her replacement had been trained." This conclusion was based upon an express statement to that effect made by the employee on February 1, 1984, at the time she gave her verbal notice to quit.

We find the conclusions of the appeals referee, namely, that the employee's separation from her employment was involuntary, that her dismissal was not the result of an act of wilful misconduct in the course of employment, and that she was properly determined eligible for benefits, were reasonably and logically drawn.

There is no error.

In this opinion the other judges concurred.