CITY OF STAMFORD v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(6031)

DALY, O'CONNELL and FOTI, Js.

Argued April 14—decision released August 30, 1988

*James V. Minor,* assistant corporation counsel, with whom, on the brief, were *Mary E. Sommer,* corporation counsel, and *Eric L. Reinken,* for the appellant (plaintiff).

*Taka Iwashita,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, *Charles A. Overend,* assistant attorney general, and *Joanne Vonasek,* legal intern, for the appellee (named defendant).

O'CONNELL, J. The plaintiff city appeals from the judgment rendered by the trial court, upholding the eligibility of a former employee of the city to collect unemployment compensation. The plaintiff claims the trial court erred (1) in failing to adopt the finding of

the state employment security board of review (hereafter board of review) that the claimant occupied a policy-making or advisory position, and in holding such a position was exempt from unemployment compensation eligibility, (2) in making a finding that was not supported by the subordinate facts and the evidence, and (3) in concluding that the board of review neither acted arbitrarily or capriciously, nor denied the plaintiff due process, in ruling that the claimant was eligible for compensation on grounds other than those expressly raised by the parties. We find no error.

The following facts, found by the employment security appeals referee, adopted by the board of review, and certified to the trial court, are relevant to the resolution of this appeal. The claimant, Patrick G. Marra, was employed by the plaintiff city of Stamford from February, 1982, until November 30, 1983, as that city's commissioner of finance.[1] He was appointed by the mayor of Stamford, and became unemployed upon the mayor's defeat in a reelection bid. The claimant's position with the city as commissioner of finance, as described by the appeals referee, "was for the most part concerned with administering the Department of Finance which includes responsibility to direct activities of the Bureau of Accounts and Records and Bureau of Purchases." The period of unemployment at issue before the referee ran from December 4, 1983, to January 15, 1984. The plaintiff city was notified of its potential liability for the charges arising in conjunction with the claimant's unemployment insurance benefits on December 16, 1983, and filed a timely appeal.

The plaintiff's appeal was heard by an appeals referee who issued a decision dismissing the appeal. The

[1] The defendant administrator refers to the plaintiff's position with the city as that of "Finance Director"; however, the position as titled in the city's charter is "Commissioner of Finance." For the purposes of this appeal, both titles are deemed to describe the same position.

plaintiff appealed that decision to the board of review, which affirmed the decision of the appeals referee, again dismissing the plaintiff's appeal. The plaintiff then brought its appeal to the Superior Court, where it was also dismissed. This appeal followed.

The plaintiff first claims that the trial court erred in failing to adopt the board of review's finding that the claimant's position was that of a policy maker or advisor pursuant to General Statutes § 31-222 (a) (1) (E) (iii) (V) (i). This section of the General Statutes provides in pertinent part: "[T]he term 'employment' does not apply to service performed . . . in the employ of a governmental entity . . . if such service is performed by an individual in the exercise of duties . . . in a position which, under or pursuant to the laws of this state, is designated as . . . a major nontenured policy-making or advisory position . . . ." Pursuant to this statute, persons holding such policy-making or advisory positions are not entitled to collect unemployment compensation. General Statutes § 31-222.

The plaintiff's claim arises from the fact that although the Superior Court affirmed the board of review's conclusion regarding eligibility, it did so without adopting the rationale upon which the board based its decision. Although the board of review found that the claimant held "an advisory or policy-making position," it also found that the position had not been so designated "under or pursuant to the laws of this state," and dismissed the plaintiff's appeal on those grounds. In determining that the claimant held an advisory or policy-making position, the board of review directly contradicted the finding of the appeals referee, who, like the trial court, concluded that the position was not of an advisory or policy-making nature. The plaintiff claims that the trial court erred in failing to adopt the board of review's finding that the position was that of an advisor or policy maker. We disagree.

Our analysis of the plaintiff's claims begins with a review of the findings made by the appeals referee, and their relationship to the review afforded by the Superior Court. In determining appeals arising under Connecticut's unemployment compensation legislation, the Superior Court acts as an appellate level tribunal, limited in its review to the record certified by the board of review below it. *Finkenstein* v. *Administrator,* 192 Conn. 104, 112, 470 A.2d 1196 (1984); *Burnham* v. *Administrator,* 184 Conn. 317, 321, 439 A.2d 1008 (1981). Where, as here, the board of review has adopted the findings and has affirmed the decision of the appeals referee, "[t]he [Superior Court] 'is bound by the findings of subordinate facts and reasonable factual conclusions *made by the appeals referee . . . .*' " (Emphasis added.) *Burnham* v. *Administrator,* supra, 321, quoting *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978).

In the present case, the board of review expressly stated in its decision not only that it "adopt[ed] the referee's findings of fact as its own," but also that "[t]he decision of the referee is *affirmed.*" (Emphasis in original.) The trial court was therefore accordingly limited in its review to the findings of subordinate facts and reasonable factual conclusions *of the appeals referee. Burnham* v. *Administrator,* supra; *DaSilva* v. *Administrator,* supra. The Superior Court expressly upheld the findings of the referee in stating: "This court agrees with the decision of the referee that the claimant's position was not a major nontenured policy making or advisory position. The record amply supports this conclusion since it was found that 'the claimant's position with the city as Finance Director was for the most part concerned with *administering* the Department of Finance which includes responsibility to *direct activities* of the Bureau of Accounts and Bureau of Purchases.' (Emphasis added.) Decision of Appeals Referee, Find-

ings of Fact, No. 6. The referee also specifically found that the 'Board of Finance determines the fiscal policies of Stamford.' Decision of Appeals Referee, Findings of Fact, No. 7.''

We agree with the trial court's affirmation of the referee's finding, and further uphold its conclusion that because the ultimate decision to grant the claimant benefits was not unreasonable, arbitrary or illegal, it "should not be judicially overturned." Because the trial court's determination fully comported with the appeals referee's findings of subordinate facts and reasonable factual conclusions, and because the ultimate decision reached by both the appeals referee and the trial court (as well as the board of review) was not arbitrary, capricious or illegal, we conclude that the trial court's actions were proper. It is of no consequence that the trial court was not in agreement with the rationale espoused by the board of review in reaching the identical conclusion, as a reviewing court may uphold a correct decision rendered below when the decision is rendered on incorrect grounds, provided proper grounds may be found in the record to sustain it. *Johnny Cake, Inc.* v. *Zoning Board of Appeals,* 180 Conn. 296, 301, 429 A.2d 883 (1980); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 588, 418 A.2d 939 (1979).[2]

In its final claim of error, the plaintiff claims that the trial court erred in failing to find that the board of review acted arbitrarily or capriciously and violated the plaintiff's due process rights by failing to apprise the plaintiff adequately of the potential issues "to be determined or reviewed" in its appeal. This contention merits only minimal discussion.

---

[2] Given our conclusion that the trial court's holding adopted the appeals referee's findings of fact and reasonable factual conclusions, we need not address the plaintiff's second claim of error, that the trial court's finding was not supported by the subordinate facts and evidence.

The plaintiff itself determined the scope of issues to be reviewed when it invoked the express language of General Statutes § 31-222 (a) (1) (E) (iii) (V) (i) in its request for an appeal to the board of review. As set forth earlier in this decision, the express language contained in that statute is the language upon which the board of review relied in its determination. In paragraph 2 of its request,[3] the plaintiff stated that it referred to "section 31-222 (E)" of the General Statutes, and quoted the language at issue. The board of review relied upon the language of that statutory section which exempts from unemployment compensation, parties employed "in a position which, *under or pursuant to the laws of this state,* is designated as . . . a major nontenured policy-making or advisory position." (Emphasis added.)

We once again quote the trial court's decision with approval in stating that "[t]he board of review did not act improperly, arbitrarily or illegally in considering the language of the statute which the employer itself raised as a basis for appeal."

There is no error.

In this opinion the other judges concurred.

---

[3] The paragraph provided in pertinent part: "We refer to section 31-222 (E), 'For the purposes of subparagraphs (C) and (D) the term "employment" does not apply to service performed . . . (iii) prior to January 1, 1978 in the employ of a school which is not an institution of higher education; after December 31, 1977 in the employ of a governmental entity referred to in subparagraph (C) of this subsection if such service is performed by an individual in the exercise of duties . . . (V) in a position which, under or pursuant to the laws of this state, is designated as (i) a major nontenured policy-making or advisory position.' "