[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal under section 31-249b of the Connecticut General Statutes from a decision of the Board of Review of the Employment Security Appeals Division [Board of Review] which reviews unemployment compensation claims to the Administrator of the Unemployment Compensation Act.
The claimant, Evangeline Hill, was employed by The Help Line in Danbury for three months in 1987 as a telephone solicitor. She worked part-time from 5:20 p. m. to 8:30 p. m. Monday through Thursday. She was laid off due to lack of work, but one month later the employer offered her a job during the same part-time hours in Stratford, Southington or Norwalk at a higher rate of pay. The claimant refused this CT Page 764 employment because she did not want to commute and did not own an automobile. About a month later, in October, 1987, the employer offered her her former part-time position in Danbury. She refused that job because she was obtaining a training course which met between the hours of 8:00 a.m. and 1:00 p. m. and wanted to concentrate on the course work, which might be adversely affected by the part-time employment which was offered. The claimant was then in training for a new job and the training course was sponsored by the Job Partnership Training Act. The employer appealed the decision of the Administrator awarding unemployment compensation benefits to the claimant. Section 31-241 C.G.S. An appeal was taken by the employer to a referee under sections 31-241 and 31-242, who heard the matter de novo as provided in section 31-244. Finkenstein v. Administrator, 192 Conn. 104, 108. The appeals referee confirmed the Administrator's decision, concluding that the first offer of work, outside the Danbury area and a considerable distance from the claimant's home, was not suitable work, and that the claimant had sufficient cause to refuse that employment. The referee also concluded that the claimant had sufficient cause to decline the offer of employment on October 20, 1987 at her former job in Danbury, since she was then enrolled in the training course at the Computer Processing Institute, sponsored by the Job Partnership Training Act.
An appeal was taken to the Board of Review by the employer. The Board of Review remanded the case to the referee with instructions to determine whether the claimant was enrolled in an approved training course, which was a consideration under section 31-236b in deciding whether the claimant was eligible for benefits, and whether the employer could be charged under the unemployment compensation statutes. On remand the appeals referee determined that the job training program had been approved by the Administrator. The referee also decided that since the claimant had been offered her former position of employment, that she had refused to accept suitable work without sufficient cause, but was still entitled to receive benefits because she was enrolled in a training program. The employer's account was relieved of charges effective October 18, 1987. The Administrator then appealed the modified decision of the referee to the Board of Review under section 31-249 of the Connecticut General Statutes. The Board reversed that portion of the referee's decision which relieved the employer of payments, and sustained the Administrator's appeal. The employer then brought this appeal after a motion to reopen the decision was denied by the Board of Review.
In an appeal to the Superior Court under section 31-249b
CT Page 765 of the Connecticut General Statutes from a decision of a board of review, the court is limited to a review of the record certified and filed by the board. United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385; Finkenstein v. Administrator, supra, 112; Stamford v. Administrator, 15 Conn. App. 738, 742. The court in effect acts as an appellate court, and does not hold a trial de novo, retry the facts or hear evidence. United Parcel Service, Inc. v. Administrator, supra, 385; Burnham v. Administrator, 184 Conn. 317, 321; Finkenstein v. Administrator, supra, 112. The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee. Westport Development Mfg. Co. v. Administrator, 9 Conn. App. 189,190; Guevara v. Administrator, 172 Conn. 492, 495, 496. The court cannot substitute its own conclusions for those of the board, but can determine whether the administrative action was unreasonable, arbitrary, illegal or in abuse of discretion. United Parcel Service, Inc. v. Administrator, supra, 385, 386; Burnham v. Administrator, supra, 322; Finkenstein v. Administrator, supra, 113; Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 5. Where there are mixed questions of law and fact, the expertise of the agency is highly relevant. United Parcel Service, Inc. v. Administrator, supra, 386; Burnham v. Administrator, supra, 323.
Both parties have filed motions for judgment which were placed on the short calendar list as allowed by section 511B, Connecticut Practice Book. The parties also agreed and notified the clerk that the case could be decided based upon the motion for judgment and the briefs and record in the court file. While section 511B allows the court to place the appeal on the administrative appeal trial list, the parties have waived the right to a further hearing, evidence and briefs, allowing a decision at this time.
In its appeal the employer challenges the referee's conclusion that the claimant reasonably refused work offered by the employer in Stratford, Southington and Norwalk because of transportation problems in getting to those jobs. Also challenged is the conclusion that the job offered in the evening by the employer in Danbury, where the employee formerly worked, would adversely affect the employee's studies. These factual conclusions must be accepted. As a result the first job offer was not an offer of acceptable work and therefore was not a valid reason to deny benefits to the claimant. Ordinarily the second job offer would be suitable work, allowing termination of unemployment compensation benefits, except for provisions in the CT Page 766 unemployment statutes providing special treatment for persons in approved training programs. The plaintiff contends that under the statute the only consideration is whether the job offer conflicts with class hours for the training program. It claims that the employee, at least one who formerly worked on a part-time basis, cannot refuse a similar part-time job with the former employer which does not conflict with the training program. In this case the program was between the hours of 8:00 a.m. and 1:00 p. m., and the employment offered to the claimant was between 5:20 p. m. and 8:30 p. m. The plaintiff also claims that the Board improperly applied the applicable statutes, and that its decision leads to unfair and irrational results.
Several statutes govern this case, the main one being section 31-236b(a) C.G.S., which reads as follows:
 "Notwithstanding any other provisions in this chapter, an otherwise eligible individual shall not be denied benefits for any week because he is in training with the approval of the administrator by reason of the application of subdivision (2) of section 31-235 relating to availability for work, or the provisions of subdivision (1) of section 31-236
relating to failure to apply for, or a refusal to accept, suitable work."
The parties have not identified, and the court has been unable to find any court decisions interpreting this statute. Section 31-235(a) referenced in section 31-326b, basically provides that an unemployed person can receive unemployment compensation benefits only if certain conditions are met, including making reasonable efforts to obtain work when he is available for work and physically and mentally able to work. [The same subsection of section 31-235 provides certain exceptions for students, with a further qualification to that provision in section 31-235(b) C.G.S. These provisions differentiate between where a student is considered available for work or not available for work, for purposes of determining whether the student is entitled to benefits under section 31-235.]
Section 31-236(a)(1), also referenced in section 31-236b, provides that an individual is disqualified to receive benefits "if the administrator finds that he has failed without sufficient cause either to apply for available, suitable work. . . or to accept suitable employment when offered him. . . by an employer. . .", [again with various qualifications and exceptions contained in section 31-236]. CT Page 767
Section 31-236b shows clear legislative intent not to disqualify an otherwise eligible individual from benefits when he is in an approved training program based on the usual disqualification provisions in sections 31-235 and 31-236(a) where a claimant does not make himself available for work or fails to apply for and accept suitable work, which might otherwise apply in some cases. Section 31-236b specifically allows benefits to a claimant in job training in an approved program despite other provisions in Chapter 567 and the usual requirements of being available for work and accepting suitable work offered.
Where the issue in an administrative appeal is a question of law, the court has the responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from those facts; although the court may not substitute its own conclusions for those of the administrative board, it can decide whether the applicable statutes were accurately interpreted. United Parcel Service, Inc. v. Administrator, supra, 385. The construction placed upon one of the unemployment compensation statutes by the agency charged with its enforcement is entitled to deference by the courts. Fellin v. Administrator, 196 Conn. 440, 448. See also Commission on Hospitals Health Care v. Stamford Hospital,208 Conn. 663, 669; Connecticut Light Power Co. v. Department of Public Utility Control, 210 Conn. 349, 357. Where the question presented involves a matter of statutory construction, it is a question of law on which the agency's view is entitled to deference but is not dispositive. United Parcel Service, Inc. v. Administrator, supra, 387; DaSilva v. Administrator, 175 Conn. 562, 564. In this case the Board properly construed section 31-236b that the claimant was entitled to benefits because she was in an approved training program, even if it was possible for her to work part-time when she was not attending the course.
The plaintiff-employer contends that since, on the facts, the claimant was available to work on a part-time basis during the hours offered for employment, that she should be disqualified for benefits under section 31-236(a)(1) for failure to accept suitable work. There are two problems with this argument. First of all, the referee made a finding that the claimant wanted to concentrate her time on studies connected with the training course and that this would be adversely affected by the part-time employment which was offered. This is a factual conclusion, and the court cannot substitute its judgment for the facts found in the factual conclusion of the referee. Secondly, in an CT Page 768 unemployment compensation appeal the court does not have the authority to change the unemployment compensation statutes or write exceptions into them on equitable grounds merely because the statutes as written may in some cases cause unfair results. The plaintiff is correct that it is debatable whether, as a matter of public policy, benefits should be given to an employee who formerly worked part-time and is otherwise available for work, merely because during part of the business day the employee is a part-time student or trainee. Related to this, it is also arguably unfair where the employer offers part-time employment which does not conflict with the training program for it to have to pay benefits. However, as with other statutes which arguably reach unfair results, the remedy is for the legislature not the courts. The court must apply the statutes as written to carry out legislative intent.
The Board in its decision dated August 7, 1989, and a decision dated September 13, 1989 refusing to reopen the prior ruling discusses the history of several amendments to several unemployment compensation statutes, a comparable federal law providing that an individual should not be denied benefits for failure to search for work or accept available work when he is in an approved training program, and a prior case of the Board [Nardiello v. Manpower, Inc. of Stamford, Board case number 945-78-BR, November 9, 1978] ruling that section 31-236b of the Connecticut General Statutes exempts claimants from the eligibility requirements of section 31-235(a)(2). While the content of those decisions is not discussed, it provides further support for upholding the Board's ruling.
Since the Board found that the claimant was eligible for benefits because of section 31-236b, it concluded that section 31-225a(c)(1)(G) did not prevent the employer from being charged with benefit payments despite its offer to the claimant of reemployment. The latter statute provides in part: "if a claimant has failed to accept suitable employment under the provisions of subdivision (1) of section31-236 and the disqualification has been imposed, the account of the employer who makes an offer of employment to a claimant who was a former employee shall not be charged with any benefit payments made to such claimant after such initial offer of reemployment until such time as such claimant resumes employment with such employer. . ." (emphasis added). Relying on a prior Board decision in Marrone v. Diversified Employment Services, Board case number 584-84-BR, August 31, 1984, the Board in this case concluded as in the Marrone case that the statute by its express terms provides relief for the employer from charges only where the claimant has CT Page 769 refused to accept suitable employment under section 31-236(a)(1) and the disqualification has been imposed, namely benefits have been denied. The Board concluded that since section 31-236b prevents disqualification from benefits that the provision in the subsection of section 31-225(a)(c) does not apply to this case. While this is a question of law, so the court is not required to accept the Board's interpretation, the Board is correct that the statute clearly requires the employee to be disqualified for benefits before the statute applies to exempt the employer from being charged. The Board's decision of August 7, 1989 pages 4 and 5 makes policy arguments why this provision should be in the unemployment compensation law. The plaintiff-employer in its appeal also makes policy arguments, claiming that the provision is unfair to employers and causes bad results. Since the statute is clear it must be applied as written, and if public policy reasons dictate that the statute should be changed, that is a function for the legislature, not the courts. In this case the Board's interpretation must be upheld.
The plaintiff's motion for judgment is denied. The defendants' motion for judgment is granted and the appeal is dismissed.
ROBERT A. FULLER, Judge