[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal brought by the employer, Bill's Air Conditioning and Refrigeration Service, Division of Ecology Detergents, Inc. from a grant of unemployment compensation benefits to claimant, Paul Mazur.
The case was assigned and heard before the court on July 10, 1991, when the Appellee appeared and the Appellant did not.
The Employment Security Board of Review has certified and filed with the court the record of proceedings pursuant to Conn. Gen. Stat. 31-249b. The record indicates that the administrator found the claimant eligible for benefits and notified the employer of its potential liability for benefits on January 31, 1990. Conn. Gen. Stat. 31-241. The employer filed a timely appeal to an Appeals Referee. Conn. Gen. Stat.31-242. The Referee conducted a de novo hearing, made findings of fact and affirmed the Administrator's determination by decision issued March 6, 1990. Conn. Gen. Stat. 31-242. On CT Page 6373 March 15, 1990, the employer appealed to the Board of Review. Conn. Gen. Stat. 31-249. By decision dated May 10, 1990, the Board of Review adopted the Referee's findings of fact and affirmed his decision, dismissing the appeal. Conn. Gen. Stat.31-249. The employer here appeals to Superior Court pursuant to Conn. Gen. Stat. 31-249b. The appeal was filed with the Board on May 31, 1990.
The Superior Court in hearing an unemployment compensation appeal, does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified by the Board of Review. United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 551 A.2d 724 (1988); Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196
(1984). The court does not retry the facts or hear evidence. United Parcel Service, Inc. v. Administrator, supra. The court is bound by the findings of fact of the Board of Review making its determination as to whether the Board's decision is arbitrary, unreasonable or illegal. The decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Robinson v. Unemployment Security Board of Review, 181 Conn. 1,4, 434 A.2d 293 (1980). The court may not substitute its conclusions for those of the Board. Johnson v. Administrator,3 Conn. App. 264, 267, 487 A.2d 565 (1985). The court's jurisdiction is particularly limited when, as here, a motion to correct the findings is not filed. Petela v. Administrator, supra; Practice Book 515A and 519.
The issue in this case is whether the Board of Review properly determined that the claimant had not been discharged for repeated wilful misconduct within the meaning of Conn. Gen. Stat. 31-236 (a)(2)(B) and was therefore eligible for unemployment benefits. That statute provides, as relevant here, that an individual is ineligible for benefits until he has earned at least ten times his benefit rate "if, in the opinion of the administrator, he has been discharged or suspended for . . . repeated wilful misconduct in the course of his employment." The term "wilful misconduct" as used in the statute means an act of wanton or wilful disregard or negligence of such a nature as to show wrongful intent. Bailey v. Administrator, 3 Conn. App. 494,495, 490 A.2d 92 (1985); Lazarcheek v. Administrator,1 Conn. App. 5981, 594, 474 A.2d 265 (1984). It must be found that the claimant committed two or more acts of wilful misconduct, whether of the same or different nature, and that at least one prior act of wilful misconduct occurred within the year immediately proceeding the conduct which precipitated the discharge. See Regs. Conn. Agencies, D.O.L., 31-236-26 (b)(1). To warrant disqualification under the statute, the final incident which triggers the discharge must be an independent act CT Page 6374 of wilful misconduct or part of a pattern of prior conduct which constitutes wilful misconduct. United Parcel Service, Inc. v. Administrator, supra, 387; Regs. Conn. Agencies, D.O.L.,31-236-26 (b).
The Board of Review found that the claimant was employed as a service technician from 1984 until his discharge on May 8, 1989. Claimant arrived for work on that last day and found a note where his time card would be located, directing claimant to report to the company's president. Claimant met with the president and when questioned by him, admitted that he was interested in working elsewhere. Claimant offered two weeks notice immediately. The employer paid claimant through his last day at work and for accrued vacation time. The employer had not warned claimant previously as to any problems with his attendance or job performance. Claimant would not have been discharged on May 8, 1989 except for his offer to resign.
Based on those findings, the Board properly determined that claimant was not disqualified from receiving unemployment benefits. Contrary to the employer's contention before the Referee, claimant is not considered to have voluntarily left his employment on May 8, 1989. Pursuant to Regs. Conn. Agencies, D.O.L. 31-236-18(3), the Administrator may not find that an individual voluntarily left suitable employment if the individual "tendered a notice of resignation to his employer and that employer discharged the individual before the expiration of the notice, except where the employer simultaneously paid the individual in full for the period of notice." That regulation and construction of the statute has long been affirmed by the courts. Westport v. Development and Manufacturing Co. v. Administrator, 9 Conn. App. 189, 517 A.2d 1050 (1986); Beyor v. Administrator, No. 34613, Superior Court, Judicial District of Middlesex, Hale, J., September 14, 1982. McLaughlin v. Administrator, No. 36927, Superior Court Judicial District of New London, Armentano, J., January 13, 1970. Since claimant's separation from employment was not voluntary, the Board of Review considered whether the employer established the requisite repeated wilful misconduct for claimant's discharge consequent disqualification from receiving benefits.
The Board of Review specifically found that the incident which triggered claimant's dismissal was his offer of two weeks notice of his resignation. That conduct does not constitute wilful misconduct within the meaning of the statute. Not only was there no showing that the act which triggered the discharge was an act of wilful misconduct, the Board of Review also found that there were no prior acts of wilful misconduct as required for disqualification under the statute. CT Page 6375
For the first time in the appeal to the Board of Review, the employer sought to offer evidence that claimant was excessively tardy, that he had been warned that continued tardiness could result in his discharge and that the employer intended to dismiss claimant for his excessive tardiness on the day claimant tendered his notice. These allegations and the documents offered by the employer were not before the Referee and are not part of the appeal record. The employer was represented by an attorney at the Referee's hearing and has not shown good cause for failing to produce this evidence at the hearing. The written hearing notice received by the employer clearly advised that while there may be an appeal from the Referee's decision, "further proceedings usually are based upon the record established at this hearing." The notice further stressed the importance of attending the hearing and presenting testimony and documents important to the party's case. The employer failed to produce testimony or any of this documentation regarding claimant's possible dismissal for tardiness at the Referee's hearing and offers no explanation for this failure. As noted by the Board of Review, the appeal record, as developed before the Referee, establishes that claimant was discharged on May 8, 1989 because he offered notice of his resignation and there were no prior acts of wilful misconduct for which he was discharged. The record on appeal establishes claimant's eligibility for benefits.
The determination of the Board of Review reasonably follows from the findings of fact and the correct application of the law to those facts. The decision is not arbitrary, unreasonable or illegal and is affirmed.
SYLVESTER, J.