[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Review, Employment Security Appeals Division of the Department of Labor, allowing unemployment benefits to a former employee of the appellant. As the claimant's employer the plaintiff is aggrieved by the decision of the Board of Review and has standing to maintain this appeal. CT Page 3029
In an appeal to the Superior Court under 31-249b of the General Statutes from a decision of the Board of Review, the court is limited to a review of the record certified and filed by the board. United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385; Stamford v. Administrator, 15 Conn. App. 738, 742. The court does not hold a trial de novo, retry the facts or hear evidence. United Parcel Service, Inc. v. Administrator, supra, 385; Burnham v. Administrator, 184 Conn. 317, 321. The findings of subordinate facts and reasonable factual conclusions drawn from them must be accepted. Guevara v. Administrator, 172 Conn. 492,495, 496. The court cannot substitute its conclusions for that of the board, but can only determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of the board's discretion. United Parcel Service, Inc. v. Administrator, supra, 385, 396; Burnham v. Administrator, supra, 322. Since the no motion to correct the finding of the board has been made, the factual conclusions of the board must be accepted when reviewing the appeal. Section 515A Connecticut Practice Book.
The relevant facts are the findings of the Board of Review. The board found that the employer's business location is an a dangerous area of Bridgeport and that both the claimant and her co-workers had been victimized by crime. It concluded that the claimant's legitimate fear of again becoming a victim and the employer's inability to completely secure the premises provided the claimant-employee with sufficient job connected cause to leave her employment. In short, the claimant's personal safety was a sufficient job connected cause to leave employment. The board also found that the employer could not provide an alternative form of employment because the employer already had taken measures to protect employees, but could not insure that the claimant would not become a crime victim again.
Under 31-236-22(a)(1)(C), an individual has sufficient cause for quitting a job if "working conditions endanger the individual's health or safety to a greater degree than is customary for the employer's industry." In addition a reasonable basis for refusal to work may include risk to safety resulting from the geographic location of the work site. Section 31-236-11, Connecticut Agency Regulations. While an employee must accept reasonable alternative employment by the employer, and must explore such alternatives, that is not required where alternatives are non-existent so that exploring them would be a futile act. The court cannot substitute its judgment for the Board's conclusion that the employee remained CT Page 3030 at risk to be a crime victim again and that the safety measures proposed by the employer, although reasonable and done in good faith, could not eliminate the risk.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE