[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal under § 31-249b of the General Statutes from a decision of the Board of Review of the Unemployment Security Appeals Division (hereafter called the Board). The appellant, Buckley Gasoline Marketers, Inc. (the employer) required its employee, Robert D. Trapasso, to resign as manager of a gasoline station/convenience store on January 25, 1991. The employee had failed to deposit $4,025.05 in receipts from the gas station on November 29, 1990 in violation of the employer's policy that the station manager must personally make all deposits. While this was the triggering event for the forced resignation, there were prior incidents where the employer gave written warnings on the employee's conduct for improper maintenance of the gas station/convenience store. The employee's claim for unemployment compensation benefits was initially denied on the ground that the employer properly discharged the claimant for repeated wilful misconduct. The Appeal's Referee upheld the initial ruling, but was reversed when the claimant appealed to the Board of Review. The Appeals Referee had concluded that failure to maintain the gasoline station according to company standards was wilful misconduct and that the final incident resulting in the employee's discharge, the failure to make the bank deposit, was also wilful misconduct. On appeal the Board disagreed with both findings, concluding that the prior acts were not wilful misconduct, and that the final act resulting in discharge was not a wilful or reckless violation of the employer's money handling procedures. This appeal followed.
In an appeal to the Superior Court under § 31-249b of the General Statutes from a decision of a Board of Review, the court is limited to reviewing the record certified and filed by the Board. CT Page 6076United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385;Stamford v. Administrator, 15 Conn. App. 738, 742. The court does not hold a trial de novo, retry the facts or hear evidence.United Parcel Service, Inc. v. Administrator, supra, 385;Burnham v. Administrator, 184 Conn. 317, 321. The court does not substitute its conclusions for that of the board, but only determines whether the administrative action was unreasonable, arbitrary, illegal or an abuse of the board's discretion. UnitedParcel Service, Inc. v. Administrator, supra, 385, 386; Burnham v.Administrator, supra, 322. The court follows the findings of subordinate facts made by the appeals referee, Westport Development Manufacturing Co. v. Administrator, 9 Conn. App. 189, 190;Guevara v. Administrator, 172 Conn. 492, 495, 496, but the board can refuse to accept the conclusions of the referee as long as it follows the referee's findings of fact. United Parcel Service,Inc. v. Administrator, supra, 386.
The denial of unemployment compensation benefits to an employee is justified for "repeated wilful misconduct in the course of his employment." Section 31-236 (a)(2)(B) C.G.S. The construction placed upon one of the unemployment compensation statutes by the agency charged with its enforcement is entitled to deference by the courts. Miller v. Administrator, 17 Conn. App. 441,446; Fellin v. Administrator, 196 Conn. 440, 448. However, the agency's view is not dispositive, and to the extent that it involves an application of the statute to the actual circumstances of the case, it requires an appropriate finding of fact at the administrative level. United Parcel Service, Inc. v.Administrator, supra, 387. A final incident may be "repeated wilful misconduct" if the conduct at issue is part of a past pattern of wilful misconduct, in which the employee's past departure from company policies, rules and regulations is relevant. Id., 387, 388 [construing § 31-236 (a)(2)(B) C.G.S.].
The referee found that the evidence was conflicting on whether the employee properly followed the company policy for making bank deposits, the final incident resulting in his discharge. The court does not review a conclusion which rests of the weight of the evidence and credibility of witnesses. Howell v. Administrator,174 Conn. 529, 532. The record supports the conclusion of the referee that the final incident was wilful misconduct. However, in order to deny benefits, the statute requires both some final incident of misconduct and a past pattern of wilful misconduct.United Parcel Service, Inc. v. Administrator, supra, 389. CT Page 6077
The Board concluded that even if the final incident was wilful misconduct, the employee did not commit prior acts of wilful misconduct during the term of his employment. The referee found that the employee had been issued written warnings on two prior occasions for failure to keep the station restrooms and bay areas clean. While recognizing that mere inefficiency, unsatisfactory conduct, omissions or ordinary-negligence are not misconduct, the referee concluded the failure to maintain the gasoline station to company standards amounted to acts of wilful misconduct. The Board was not required to accept the referee's conclusion. The mere fact that the employee' breached his obligation to keep the gas station clean on two prior occasions does not rise to the level of wilful misconduct, or at least the Board could reasonably reach that conclusion from the evidence in the record.
Wilful misconduct is intentional conduct designed to cause a result for which there is no just cause or excuse; it is highly unreasonably conduct involving an extreme departure from ordinary care, and it must be more than mistakes resulting from carelessness, neglect or inattention to duties and obligations.Dubay v. Irish, 207 Conn. 518, 533. The record relied upon by the Board indicated that the claimant was unable to perform the assigned maintenance work due to under staffing and insufficient work hours. The Board properly concluded that a mere showing of prior poor job performance by the employer did not rise to the level of wilful misconduct, and that prior inefficiency of the employee in maintaining the gasoline station did not rise to the level of wilful misconduct, even though the employee had been given two prior warnings by the employer.
In an employment context, the conduct of the employee must amount to intentional, substantial disregard of the employer's interest and an intentional disregard of the duties, obligations and responsibilities to the employer; inefficiency, negligence, carelessness, and errors in judgment alone are not wilful misconduct. Duperry v. Administrator, 25 Conn. Sup. 409, 411. The court cannot substitute its conclusions for those of the board, and must uphold its decision unless it was unreasonable, arbitrary, illegal, or an abuse of discretion. United Parcel Service, Inc. v.Administrator, supra, 385, 386.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE CT Page 6078