[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 18, 1995
This is an appeal brought by the claimant, Joan M. Chavez, from the decision of the employment security board of review ("board of review"), pursuant to General Statutes § 31-249b. The claimant was initially found eligible for unemployment benefits by the administrator of the Unemployment Compensation Act ("administrator"). The administrator's decision was affirmed following a hearing de novo before an appeals referee ("referee"). An appeal was taken to the board of review, wherein the board reversed the decision of the referee. The claimant has filed a timely appeal to this court.
The claimant was employed as a mental retardation worker assigned to the first day shift. She was told by her employer that she was being reassigned to work the second night shift. The claimant was unable or unwilling to work the second shift, and therefore she informed her employer of her intention to terminate her employment following a two-week notice period. She was terminated on the day her notice was given.
The critical issue regarding the claimant's termination is whether the claimant agreed to work the second shift during the notice period. The referee found that the claimant "agreed to work the 2nd shift for two weeks." (Finding of Facts, #5.) The referee further found that the employer's decision to terminate her immediately without permitting her to work the two-week notice period was a discharge which would entitle her to benefits.
On appeal, the board of review reversed the referee's decision and additionally modified the referee's findings of fact by eliminating #5, that is, that the claimant agreed to work the second shift during the notice period. The board of review added two additional facts to their decision, finding that the claimant had not, in fact, agreed to work the second shift. These modifications CT Page 970 and additions to the finding of facts by the board of review were made on the basis of the existing record only, including the tape recording of the referee's hearing, and no additional evidence or testimony was requested or submitted.
The issue in this case is whether the board of review properly altered the findings of fact of the referee and additionally made further findings of fact by way of the existing record alone, which resulted in the denial of benefits to the claimant. There is no question, and the administrator agrees, that if the claimant agreed to work the second shift during the two week notice period, and was prevented from doing so by her employer, her employment was effectively terminated by her employer. Westport Development ManufacturingCompany v. Administrator, 9 Conn. App. 189, 191,517 A.2d 1050 (1986).
General Statutes § 31-249 provides that upon appeal from a decision of the referee, the board of review may hear the appeal "on the record of the hearing before the referee or the board may hear additional evidence or testimony . . . In any case in which the board modifies the referee's findings of fact or conclusions of law, the board's decision shall include its findings of fact and conclusions of law." The statute does not indicate, however, whether the board of review may modify the referee's findings of fact without hearing additional evidence or testimony.
"Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United ParcelService Inc. v. Administrator of Unemployment CompensationAct, 209 Conn. 381, 385-86, 551 A.2d 724
(1988). In United Parcel, the Court was faced with an appeal from the decision of the board of review. The claimant in United Parcel had initially been awarded benefits by the administrator of unemployment. The referee in that case conducted a de novo hearing and concluded that the award was not warranted. The board of review subsequently reversed the referee's CT Page 971 decision and reinstated the award of benefits. The Court stated, "[w]ithout further evidentiary hearings, the claimants award was reinstated by the employment security appeals division board of review." (Emphasis added.) Id., 384. In upholding the Superior Court's affirmance of the board of review's decision, the Court went on to state, "[w]e reject the plaintiff's contention that, because the review board rejected the referee's findings of fact and conclusions of law, no judicial deference to the board's decision is warranted in this case. The record demonstrates that, although the board disagreed with the conclusions drawn by the referee, it did not depart from the referee's findings offact." (Emphasis added.) Id. 386.
This court is persuaded by the language in UnitedParcel, and takes the position that the board of review is not at liberty to substitute its judgment over that of the referee upon credibility issues, such as those found in this case, without taking additional evidence or testimony. The referee was in the best position to observe the appearance and demeanor of the parties involved, and assess their credibility. "[I]t is the province of the referee as trier of fact to determine the credibility of the witnesses and the weight of the evidence . . ." (Citations omitted.) Howell v. Administratorof Unemployment Compensation Act, 174 Conn. 529,532, 391 A.2d 165 (1978). The fact finder's judgment on such issues should not be substituted by an appellate body, where the record substantially supports those findings. "The determination of issues of fact by the administrative agency should be upheld if the record before the agency affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . ." Miko v. Commission onHuman Rights Opportunities, (Citations omitted; internal quotation marks omitted.) 220 Conn. 192,200-01, 596 A.2d 1377 (1991). It is the opinion of this court that the record adequately supports the referee's findings of fact, and that the board of review's act in modifying those findings without the benefit of additional evidence or testimony was unreasonable.
This court therefore reverses the decision of the board of review and remands this case to the board for CT Page 972 proceedings de novo, consistent with this opinion.