[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Susan R. West ("claimant") filed a claim for unemployment compensation benefits against her former employer, the Stamford law firm of Rosenblum and Filan ("employer"). The claimant was employed as a paralegal at the firm for approximately a year and a half. The claimant stated that her employment was terminated one day after she gave her employer two weeks' notice that she was leaving to accept other employment. The employer contends that the claimant voluntarily quit her job on January 13, 1997, "to work for a competitor" and hence was ineligible for unemployment benefits. An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that she had been discharged without misconduct or sufficient cause on her part.
The employer appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-237j, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant had been discharged for wilful misconduct. The referee made the following factual findings: (1) CT Page 5513 on January 14, 1997, the claimant gave two weeks' notice to her employer that she was leaving for a new job to begin February 1, 1997; and (2) the employer discharged the claimant on January 15, 1997, and did not pay her for the next two weeks, the so-called "notice period."
The referee concluded that the claimant left her employment voluntarily and without any evidence of wilful misconduct. Thus, the referee affirmed the administrator's decision granting benefits.
The employer appealed this decision to the employment security appeals division board of review in accordance with General Statutes §§ 31-249 and 31-249a. The employer argues that the claimant left her employment voluntarily and without good cause. The employer also contends that the claimant offered an option. She was willing to leave immediately or after two weeks. The board determined that on January 15, 1995, the employer accepted the claimant's offer to leave her employment immediately because she was leaving to accept a position with another law firm that represented several parties which the employer was suing. The employer stated that this posed an ethical problem that caused the employer to discharge the claimant right away, rather than waiting for two weeks.
The board noted that as a general principal a discharge after a notification by an employee of an intention to leave is deemed an involuntary discharge unless the employer pays the employee for the two week notice period. In this case, however, the claimant left it to the employer's discretion whether she would leave immediately or after two weeks. According to the board, the claimant was therefore not involuntarily discharged when the employer accepted the option of letting the claimant go the next day because of ethical problems.
The board adopted the referee's findings of fact except it added that: (1) the claimant advised the employer that she was prepared to leave immediately or in two weeks, and that the employer was free to choose either option; and (2) the employer accepted the first option and told the claimant to leave because it was worried about her joining a law firm against which the employer was actively litigating. Therefore, the board ruled that the claimant was not discharged, but rather voluntarily quit her employment without good cause attributable to the employer. Hence, the claimant was deemed ineligible for benefits. CT Page 5514
The claimant, Susan R. West, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The plaintiff argues that she advised the employer that she wanted to stay and work for an additional two weeks after January 14, 1997, the date when she notified the employer that was she ending her employment. The plaintiff also points out that the employer did not pay her during the next two weeks notice period.
The board filed a return of record, and a hearing was held before this court on February 4, 1998.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). CT Page 5515
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book (1998 Rev.) §22-9 (a), provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 515A(b), now Practice Book (1998 Rev.) § 22-4, provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519(b), now Practice Book (1998 Rev.) § 22-9 (b), provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies § 31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board CT Page 5516 for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 515A, now Practice Book (1998 Rev.) § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged.
The court's task to in ruling on this appeal is to decide whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan, supra,43 Conn. App. 785.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." To the same effect, see § 31-236-17 (b) of the proposed Regulations of Connecticut State Agencies.[1]
Section 31-236-18 of the proposed Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section 31-236-18 (b)(3) provides that an individual does not leave work "voluntarily" if "the individual tendered a notice of resignation to his employer and that employer discharged the individual before the expiration of the notice, except where the employer simultaneously paid the individual in full for the period of notice."
The plaintiff cites to Westport Development ManufacturingCo., Inc. v. Administrator, 9 Conn. App. 189, 191, 517 A.2d 1050
(1986). The employee in that case gave the employer two week's notice of her intent to leave. She was terminated immediately and not paid through her notice period. In affirming the board of review's decision, the court held that "the employee's separation . . . was involuntary" under those circumstances. In the present case, however, the board of review found that the plaintiff gave an option to the employer to choose between her leaving immediately or at the end of two weeks. After considering the matter for one day, the employer decided to exercise the CT Page 5517 option of terminating the plaintiff's employment as of that date.
The board's conclusion of ineligibility for benefits is based on the board's findings that the plaintiff left work for personal reasons based on her obtaining new employment at a higher salary. This determination is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusion it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the defendant administrator's motion for judgment dated November 25, 1997, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of May, 1998.
William B. Lewis, Judge