FRED DUPERRY *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 27451
AT WATERBURY

Memorandum filed December 3, 1964

No appearance filed for the plaintiff (claimant).

*Feeley, Elliott & Nichols,* of Waterbury, for Beacon Motors.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

COTTER, J. The employer, Beacon Motors, appeals from a decision of the commissioner affirming a decision of the examiner that the claimant under the act was not guilty of wilful misconduct within Gen-

eral Statutes § 31-236 (2) (b) and, therefore, the statutory disqualification should not be imposed. This section provides in part: "An individual shall be ineligible for benefits . . . (2) during the week in which, in the opinion of the administrator, he has . . . (b) been discharged for wilful misconduct in the course of his employment, and for the next four following weeks . . . ." The claim of the appellant is that the conclusions of the commissioner are illegally inconsistent with the subordinate facts found and the findings of fact are not in conformity with the evidence presented.

The facts found material to this appeal in brief were as follows: Fred Duperry worked nights for Beacon Motors from 1959 to February 8, 1962, as a mail trailer truck driver, seven days a week, and was discharged February 9, 1962. He drove a large trailer truck from Waterbury to Springfield, Massachusetts, with stops at various towns, and received an hourly rate. The claimant "figured" in five accidents. He was not arrested as a result of them and was only warned as a result of an accident in August, 1961. A substantial lawsuit was instituted because of one accident. It was found that the employer would be in a better position insurance-wise if the claimant was not on the payroll and, further, that the claimant was dismissed because Beacon Motors felt he might have more accidents.

There was evidence to substantiate these findings of fact. The employer claims that the dismissal was for wilful misconduct, misrepresentation of the facts of the accident on date of discharge and failure to fulfil the terms of the conditional employment. At one point the employer testified as follows at the hearing: "Q.—Were you having difficulty with the insurance company because of his driving record . . . . ? A.—Well, we have six drivers, and he

is the only one who has put any accidents on the record, and with his dismissal, they are willing to renew the policy. Otherwise, we would lose it."

Wilfulness or misconduct contemplated by the act is generally held to mean something more than mere negligence or carelessness, so that for this court to overrule the commissioner the conduct of the employee must manifest an intentional, substantial disregard of the employer's interest and an intentional disregard of the duties, obligations and responsibilities that Duperry owed to Beacon Motors. Wilful implies bad purpose, wantonness and reckless indifference. Inefficiency, negligence, carelessness, improper conduct and errors in judgment alone are not construed to be wilful misconduct. *Detroit Gravure Corporation* v. *Employment Security Commission,* 366 Mich. 530; *Cassar* v. *Employment Security Commission,* 343 Mich. 380, 405.

The question of disqualification has been thoroughly discussed and decided in many jurisdictions, indicating a variety of factual situations which must be considered in reaching a final determination. *Rasmussen* v. *Gem State Packing Co.,* 83 Idaho 198; see notes, 146 A.L.R. 243, 41 A.L.R.2d 1158, 1160-1166, 86 A.L.R.2d 1013; 48 Am. Jur., Social Security, Unemployment Insurance, and Retirement Funds, § 38.

The commissioner's conclusion was legally consistent with the subordinate facts found, and the appeal is dismissed.