[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON APPEAL FROM THE BOARD OF REVIEW OF THE EMPLOYMENTSECURITY APPEALS DIVISION
Pursuant to General Statutes § 31-249b, the plaintiff, Aracelis Rodriguez, appeals from a decision of the Employment Security Board of Review (Board of Review) upholding the denial by the defendant, Administrator, Unemployment Compensation Act, of the plaintiff's claim for unemployment compensation.
Mediplex of Connecticut, Inc., a nursing home, employed the CT Page 1331-TT plaintiff from January 21, 1985 until March 18, 1994 as a certified nurse's aid. The plaintiff's employer discharged her after a series of incidents involving the plaintiff.[1] After these incidents, the employer issued the plaintiff written or verbal warnings and recorded these warnings in writing, which warnings were part of the record before the defendant. The following occurrences immediately preceded the plaintiff's discharge on March 18, 1994.
On December 10, 1993, the plaintiff, while on duty, learned that two elderly patients assigned to her for care wanted to be moved from their chairs to their beds. To move the patients, the plaintiff had to use a mechanical lift that would assist the patient into the bed. The plaintiff attempted to locate the necessary equipment to move the patients but could not locate it. The plaintiff failed to notify her supervisor that the equipment could not be found. On December 10, 1993, the plaintiff's supervisor issued a written warning to the plaintiff indicating that in the future she must communicate such problems to her supervisor so that the situation can be resolved.
On December 15, 1993, one of the plaintiff's patients indicated that he wanted to be moved from his chair to his bed. Although the plaintiff knew that she had to use the mechanical lift in order to move the patient, the plaintiff failed to use the device. The plaintiff's supervisor issued the plaintiff a written warning on December 15 regarding this incident.
On March 18, 1994, one of the plaintiff's co-workers approached the plaintiff and told her that one of the plaintiff's patients had vomited while the patient was sitting in her chair. The co-worker explained to the plaintiff that the patient needed to be cleaned immediately. Instead of attending to the patient's needs, the plaintiff told the co-worker that she would resolve the problem after she took her lunch break, and, ignoring the patient, went to have lunch. On March 18, the plaintiff's supervisor issued the plaintiff a written warning regarding this incident and suspended the plaintiff pending an investigation. The plaintiff's employer then terminated the plaintiff's employment.
After being discharged, the plaintiff sought unemployment benefits from the defendant. On May 11, 1994, the defendant denied the plaintiff such benefits because the plaintiff's employer discharged her for repeated wilful misconduct. The CT Page 1331-UU plaintiff then appealed from the defendant's decision to the Board of Review for a hearing before an appeals referee. After a hearing on June 7, 1994, the referee affirmed the defendant's decision, finding that the plaintiff engaged in wilful misconduct within the meaning of the Unemployment Compensation Act because she chose to ignore the needs of a patient on March 18, 1994 and because the plaintiff disregarded a supervisor's directive, without good cause, to use a mechanical lifting device to assist a patient into bed on December 15, 1993.
The plaintiff appealed the referee's decision on June 12, 1994. On July 20, 1994, the Board of Review issued a decision whereby it found that the referee's decision was supported by the facts in the record, and it dismissed the plaintiff's appeal.
On August 8, 1994, the Board of Review received a letter from the plaintiff indicating her disagreement with the decision. In the letter, the plaintiff stated that she is "appealing again." The Board treated this letter as a petition for an appeal and, pursuant to General Statutes § 31-249b, sent a certified copy of the record to the Superior Court. This court held a hearing on this matter on February 1, 1996.
The Attorney General, representing the defendant, filed a memorandum of law, dated January 29, 1996, in opposition to the plaintiff's appeal. The plaintiff failed to file a supporting memorandum of law or appear at her hearing.
To the extent that an appeal pursuant to § 31-249b
concerns findings of fact, the court is limited to a review of the record. United Parcel Service. Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry facts nor hear evidence." Id. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id., 385-86.
"Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact." Id., 386. "The application of statutory criteria to determine a claimant's eligibility for CT Page 1331-VV unemployment, compensation under §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." Burnham v.Administrator, 184 Conn. 317, 323, 439 A.2d 1008 (1981).
General Statutes § 31-236(a)(2)(B) provides that a person shall be ineligible for benefits "if, in the opinion of the administrator, he has been discharged or suspended for . . . repeated wilful misconduct in the course of his employment. . . ." Section 31-236-26 (a) of the Regulations of Connecticut State Agencies provides that to find that any act constitutes wilful misconduct, the administrator must find: "(1) the individual committed the act intentionally or deliberately or with reckless indifference for the probable consequences of such act; and (2) the individual intended the act to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest." Section 31-236-26(b) of the Regulations of Connecticut State Agencies provides, in relevant part: "[t]o find that an individual was discharged or suspended for repeated wilful misconduct, the Administrator must find that: (1) the individual committed two or more acts of wilful misconduct, as determined under subsection (a), either the same or different in nature, during the course of his employment; (2) the final act of the individual which actually precipitated the discharge or suspension constituted wilful. misconduct, under subsection (a); and (3) the individual committed at least one prior act of wilful misconduct within the year immediately preceding the act which precipitated the discharge or suspension."
The court in Duperry v. Administrator, 25 Conn. Sup. 409,411, 206 A.2d 476 (Super.Ct. 1964) defined the term wilful misconduct as used in General Statutes § 31-236(a)(2)(B). "Wilfulness or misconduct contemplated by the act is generally held to mean something more than mere negligence or carelessness, so that for this court to overrule the commissioner the conduct of the employee must manifest an intentional, substantial disregard of the employer's interest and an intentional disregard of the duties, obligations and responsibilities that [the employee] owed to [the employer]. . . . Wilful implies bad purpose, wantonness and reckless indifference. . . . Inefficiency, negligence, carelessness, improper conduct and errors in judgment alone are not construed to be wilful misconduct." Id. CT Page 1331-WW
The record contains numerous events demonstrating that the plaintiff engaged in; repeated wilful misconduct. (See footnote 1 for a detailed list of those events not discussed fully in the text.) For example, on April 12, 1992, the plaintiff fed a patient with the patient's mouth guard still in place causing the plaintiff to bite off a 1/2 inch piece of plastic. When the supervisor questioned the plaintiff about this incident, the plaintiff responded that he was difficult to feed and then just walked away. Furthermore, on February 14, 1993, the plaintiff failed to return to her area after bringing a patient to a meal despite being told to return. When questioned about this occurrence, the plaintiff ignored the supervisor and again walked away. On December 15, 1993, the plaintiff, although being instructed to do so, failed to use a mechanical lifting device in order to move a patient from his chair to his bed. The plaintiff did not provide any reasons for her failure to use such a device. The final act that precipitated the plaintiff's discharge occurred on March 18, 1994, when the plaintiff failed to provide immediate care to a patient because she chose to have lunch instead of cleaning up the patient who had just vomited on herself. The plaintiff's employer issued her a warning regarding each of the above acts and recorded such warnings in writing.
The employer, a facility engaged in the care of elderly persons, has a substantial interest in caring for its patients. All of the above acts, including the final act, demonstrate that on more than one occasion, the plaintiff acted "with reckless indifference for the probable consequences of such [acts] . . . and [with] a reckless disregard of substantial employer interest" because the plaintiff disregarded her patient's needs causing injury and discomfort to such patients. Regs., Conn. State Agencies § 31-236-26(a). Therefore, the plaintiff committed two or more acts of wilful misconduct. Additionally, the incident that occurred on December 15, 1993, took place within one year prior to the final act that took place on March 18, 1994. Therefore, the plaintiff engaged in repeated wilful misconduct as defined in § 31-236-26(b) of the Regulations of Connecticut State Agencies and General Statutes § 31-236(a)(2)(B), because the plaintiff committed more than one act of wilful misconduct. The final act constituted wilful misconduct, and the plaintiff committed one act of wilful misconduct within one year preceding the final act. Accordingly, the court affirms the defendant's decision to deny the plaintiff unemployment benefits and dismisses the plaintiff's appeal. CT Page 1331-XX
Samuel S. Freedman, Judge