[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL FROM THE BOARD OF REVIEWOF THE EMPLOYMENT SECURITY APPEALS DIVISION
Pursuit to General Statutes § 31-249b, the plaintiff, Robin T. Cassin, appeals from a decision of the Employment Security Board of Review upholding the denial by the defendant, Administrator, Unemployment Compensation Act, of the plaintiff's claim for unemployment compensation.
World Class Chrysler Plymouth Corporation employed the plaintiff from March 17, 1987 until March 29, 1996 as a service department manager. The plaintiff's employer discharged him for entering false information on the employer's business records. The following events immediately preceded the plaintiff's discharge on March 29, 1996.
On or about November 6, 1995, the owner of a 1988 Chrysler LeBaron asked the claimant about the possibility of having a replacement engine installed in his vehicle. The plaintiff advised the customer, with whom he did not have a relationship, that World Class Chrysler Plymouth would attempt to procure a 1988 Chrysler engine and install it on the customer's behalf. The plaintiff then attempted to locate a proper engine to install in the vehicle.
Unsuccessful in this effort, the plaintiff subsequently learned of an individual who had a used 1988 Chrysler LeBaron engine for sale. Plaintiff then informed the customer that he had located an engine. The customer agreed to purchase the engine and have it installed in his car, but the customer indicated that he wanted it installed at an automobile repair shop other than World Class Chrysler Plymouth. The plaintiff then procured the engine for the customer for a fee of $50.
The plaintiff had the engine delivered to the shop described by the customer, examined the engine, and determined that the engine was of a good quality. He assured the customer that if any problems with the engine arose after installation, the plaintiff, would take care of them. At this time, the plaintiff was aware that the engine being installed was a used engine with CT Page 931 approximately 30,000 miles of wear.
After installation of the engine, in January 1996, the customer contacted the plaintiff and informed the plaintiff that the engine needed to be repaired. The plaintiff told the customer to bring his vehicle to World Class Chrysler Plymouth for the repair work. Upon inspection the plaintiff learned that the engine needed a new crank shaft, and assigned the work to a mechanic under his control and supervision.
When the engine was installed, the customer's vehicle had 86,000 miles on its speedometer. The plaintiff completed a handwritten service order for the repair of the crank shaft, listing the mileage on the vehicle at 68,381 miles. The Appeals Referee found that while the claimant may or may not have personally entered the mileage figure on the repair order, that he knew that the repair order indicated, falsely, that the vehicle had accrued less than 70,000 miles.[1]
The repair order was processed onto the employer's computer records; the expectation was that Chrysler Corporation would pay the cost for replacing the damaged crank shaft. The replacement took approximately one or two work days, and cost approximately $1,700. An official of World Class Chrysler Plymouth discovered the falsely recorded mileage on the paperwork needed to authorize the service repair. The Appeals Referee also found that World Class Chrysler Plymouth believed this was done to induce Chrysler Corporation to assume the costs for the repair work for which Chrysler had no legal obligation.
After being discharged, the plaintiff sought unemployment benefits from the defendant. On April 26, 1996, the defendant granted the plaintiff said benefits because the plaintiff did not engage in willful misconduct within the meaning of the Unemployment Compensation Act; i.e, the plaintiff did not intend to defraud World Class Chrysler Plymouth.
The employer appealed the defendant's decision to the Board of Review for a hearing before an appeals referee. The appeals referee conducted a hearing de novo, made findings of fact and reversed the Administrator's determination.
On July 1, 1996, the plaintiff appealed the appeals referee's decision to the Board of Review. The Board of Review remanded the case to the appeals referee to take further evidence. CT Page 932
On October 8, 1996, the appeals referee conducted another hearing de novo, reversed the decision of the administrator, and sustained the employer's appeal. On October 29, 1996, the plaintiff appealed the appeals referee's decision to the Board of Review. The Board of Review, on January 10, 1997, affirmed the decision of the appeals referee and dismissed the plaintiff's appeal.
On February 10, 1997, pursuant to General Statutes §31-249, the plaintiff notified the Board of Review of his intention to appeal the decision of the Board of Review to the superior court in New Haven. Subsequently, the Board of Review sent a certified copy of the record to the Superior Court. The court held a hearing on this matter on December 2, 1997.
The Attorney General, representing the defendant, filed a memorandum of law, dated December 2, 1997, in opposition to the plaintiff's appeal. The plaintiff's appeal is buttressed by a claim of newly discovered evidence which was received by the court in the certified copy of the record.
 I.
Where an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court may only review the record certified and filed by the board of review. MattatuckMuseum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 276, 679 A.2d 347 (1996); United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry facts nor hear evidence . . . . If, however, the issue is one of law, the court has me broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." MattatuckMuseum-Mattatuck Historical Society v. Administrator, supra,238 Conn. 273, quoting United Parcel Service, Inc. v. Administrator,
supra, 209 Conn. 385. While the court may not substitute its own conclusions for those of the agency, ultimately, it must determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id.
"Whether the circumstances of an employer's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact." United Parcel Service, Inc. v.CT Page 933Administrator, supra, 209 Conn. 386. Moreover, "[t]he application of statutory criteria to determine a claimants eligibility for unemployment compensation under General Statutes §§ 31-235 and31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." Id.
General Statutes § 31-236 (a) (2) (B) provides that a person shall be ineligible for unemployment benefits "if, in the opinion of the administrator, he has been discharged or suspended for felonious conduct, conduct constituting larceny of property or service, the value of which exceeds twenty-five dollars, or larceny of currency, regardless of the value of such currency, [or] wilful misconduct in the course of his employment . . . ." Section 31-236-26 (a) of the Regulations of Connecticut State Agencies provides that to find any act constitutes wilful misconduct, the administrator must find: "(I) the individual committed the act intentionally or deliberately or with reckless indifference for the probable consequences of such act, and (2) the individual intended the act to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest."
"Wilfulness" as contemplated by General Statutes § 31-236
(a) (2) (B) "is generally held to mean something more than mere negligence or carelessness . . . the conduct of the employee must manifest an intentional, substantial disregard of the employer's interest and an intentional disregard of the duties, obligations and responsibilities that [the employee] owed to [the employer . . . . Duperry v. Administrator, 25 Conn. Sup. 409,411, 206 A.2d 476 (Super.Ct. 1964). "Further, as a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of sufficient degree or frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct." United ParcelService, Inc. v. Administrator, supra; 209 Conn. 386-87.
The record contains sufficient evidence of the events which led to the plaintiffs dismissal for wilful misconduct. The Board of Review found that the appeals referee assessed the testimony of the plaintiff against the processed paperwork with incorrect mileage. The appeals referee, based upon an assessment of the evidence presented, determined that the plaintiff either wrote or did not correct the false information in an attempt to induce Chrysler Corporation to pay for the repair work performed on the CT Page 934 customer's car. Moreover, the plaintiff processed the paperwork knowing that the engine was a used replacement engine, which would not be covered under warranty by the manufacturer. The Board of Review found that while the claimant claimed that the district manager could have paid the claim under the discretion accorded to a Chrysler Corporation district manager, and that he was going to explain the situation fully to the district manager, the Board found that the plaintiff's assertions were not credible.
The customer's vehicle, even if the warranty was extended under the discretion of the service manager, met neither the mileage nor age requirements under the warranty. Additionally, the engine was not the original engine, nor was it installed by or purchased from the employer or Chrysler Corporation. The Board of Review found that "these circumstances render it highly unlikely that the manufacturer would pay the claim knowing the true circumstances. . . ."
Review of this case demonstrates that the Board of Review did not act unreasonably, arbitrarily, or illegally. The Board of Review sustained the decision of the appeals referee, having reviewed that decision and the tape recording of the referee's hearing. This court cannot afford the claimant a second evidentiary hearing. If there is any reasonable basis for the facts found below, the finding must stand. The court cannot substitute its judgment for that of the agency. In this case it is clear that the facts set forth above fully support the decision of the Board of Review. However, the court must also address the issue raised by the plaintiff of the necessity for an additional hearing based upon newly discovered evidence.
 II.
The criteria, set forth in Conn. Agencies Regs. §31-237g-40, determines whether a new hearing is required.[2]
"The criteria as set forth in the notice are clear and fully understandable. . . . No specific format is required in the furnishing of a response. In essence all that is required is to furnish to the Board a simple explanation of the reason why a board hearing should be held. The Board must be given some indication as to what is expected to be produced." Mehta v.Administrator, Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 566052 (February 3, 1997, Sullivan, J.) CT Page 935
"The decision to conduct a hearing is within the reasonable discretion of the Board. Some reason must be proffered by the appellant to enable the Board to evaluate the proffered reason so as to make a decision as to whether the Board is to depart from the usual procedure of determining the matter from the record." Id. The record before the Board in this case did not show any basis upon which to conduct an evidentiary hearing.
In his appeal to the Board of Review on October 29, 1996, the plaintiff submitted letters from former co-workers who allegedly had new evidence relevant to the plaintiff's case. A letter by Paul Messenger, an assistant service manager at World Class Chrysler Plymouth, stated that Mr. Messenger was "very familiar" with the warranty claims, and that "Rob Cassin was 100% right in helping this customer because of the circumstances." Mr. Messenger indicated that he would have come forward sooner, but he was fearful of reprisal by the owner of World Class Chrysler Plymouth. Another letter submitted by the plaintiff, written by Craig Stathis, a shop foreman for World Class Chrysler Plymouth, stated that Mr. Stathis had not "seen anyone make more fairer [sic] judgment calls and be fairer [sic] with customers and the factory then [sic] service manager Rob Cassin." Carolyn Dixon, the service secretary for World Class Chrysler Plymouth, wrote that she saw "no wrong or cover up on the . . . warranty claim in question[.] This is part of the service manager's decision."
"Because the [plaintiff] is a layman who cannot reasonably be expected to articulate a reason for appeal to this court in the precise terms which would be expected of an attorney, the reason for appeal, as articulated by the [plaintiff], must be liberal construed." Mehta v. Administrator, supra, Superior Court, Docket No. 566052. In the present case, however, the letters submitted by the plaintiff do not provide a showing of good cause for finding that the Board acted arbitrarily in denying the plaintiff's request for an evidentiary hearing. The letters, at best, show that the plaintiff was well-respected by his co-workers. Conclusory statements and observations without facts, however, are not sufficient to establish good cause. SeeAitchison v. Administrator, Superior Court, judicial district of Litchfield, Docket No. 067140, (July 19, 1995, Pickett, J.) (claimant's motion to open the Board decision was properly denied when claimant did not previously seek subpoena for witnesses but instead submitted letter from witnesses at work claiming they knew what happened but were afraid to come forward). CT Page 936
"The function of the court is to determine, on the record, whether there is a logical and rational basis for the decision of the Board, or whether in the light of the evidence the Board has acted illogically or in abuse of its discretion." Johnson v.Administrator, 3 Conn. App. 264, 267-68 (1985). Regardless of the letters submitted by the plaintiff, there is adequate evidence to support the Board of Review's decision. The plaintiff attempted to warranty a used engine, installed at another automotive repair shop, on a vehicle which exceeded both the age and mileage provisions under the Chrysler Corporation warranty. The letters have not proffered any evidence which would negate these facts as found by the appeals referee and the Board of Review. Accordingly, the Board has not acted unreasonably, and the court must affirm the defendant's decision to deny the plaintiff unemployment benefits and dismiss the plaintiff's appeal.
Samuel S. Freedman Judge Trial Referee