[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff employer of a decision by the Board of Review. That decision essentially granted benefits to the claimant, finding that she did not "wilfully fail to accomplish the employer's objectives or deliberately refuse to do her assignment."
After a thorough examination of the record, including the transcript of the hearing before the appeals referee of August 1, 2000, the court concludes that the appeal should be dismissed.
The defendants' brief accurately states the applicable legal standard to be applied in this case:
 Wilfulness or misconduct contemplated by the act is generally held to mean something more than mere negligence or carelessness, so that for [the] court to CT Page 6835 overrule the commissioner the conduct of the employee must manifest an intentional, substantial disregard of the employer's interest and an intentional disregard of the duties, obligation and responsibilities that [the employee] owed to [the employer]. Wilful implies bad purpose, wantonness and reckless indifference. Inefficiency, negligence, carelessness, improper conduct and errors in judgment alone are not construed to be wilful misconduct. [Citations omitted.]
Duperry v. Administrator, Unemployment Act, 25 Conn. Sup. 409, 411 (1964).
While the record reflects deficiencies of the claimant, the court finds nothing to support the argument that she engaged in deliberate misconduct. She appears to have been overwhelmed, but as she described her efforts, one could easily speculate as to how much support she received and the overall task she had been assigned.
The conclusion reached by the Board of Review was legally consistent with its findings of fact and the appeal is dismissed. Judgment may enter for the defendant.
 ___________________ Anthony V. DeMayo, J.T.R.